### THE CENTRAL RAILROAD *vs.* SANDERS.

1. Where an action was brought against "the Central Railroad and' Banking Company," and interrogatories were taken out, crossed and executed, the name of the defendant being so stated in them, and subsequently the declaration was amended by inserting after the name of the defendant the words, "of Georgia, lessees of the Southwestern Railroad Company," the interrogatories previously executed were not thereby rendered inadmissible.

2. Whether interrogatories should have been suppressed or not, if the question of the amount of damages, to which alone they related, is waived, the ruling of the court as to the interrogatories is immaterial.

3. Where one is injured by the running of a car and engine of a railroad company, the law presumes that such injury was the result of negligence on the part of the company, and to relieve itself of such presumption, it must show that it used all ordinary care and diligence to prevent the injury. It is not enough for them to insist that they do not know how the accident occurred, and that it is impossible for them to find out.

(*a.*) It appeared in this case that the company did not have a suitable track; that the outside of the curve where the accident occurred was lower than the inside; and that the train was behind time and was running rapidly to catch up, when the train left the track, causing the injury sued for. A verdict for the plaintiff was, therefore, not without evidence of negligence to support it.

October 21, 1884.

Interrogatories. Evidence. Negligence. Presumptions. Railroads. Damages. Before Judge CLARKE. Quitman Superior Court. March Term, 1884.

Georgia Sanders brought suit against the Central Railroad for a personal injury, laying her damages at ten thousand dollars. The defendant pleaded the general issue. On the trial, there was no conflict of evidence as to the fact that a train on the Southwestern Railroad (which was controlled by the Central Railroad under lease) ran off the track while passing around a curve, and that the plaintiff was injured; but the evidence as to the diligence or negligence of the railroad was voluminous and conflicting. It is unnecessary to set it out in detail, but it is sufficient to

state that the principal points relied on by the plaintiff were as follows: The train was seven or eight miles behind its schedule time just before reaching the curve, and was running more rapidly than the schedule time, in order to catch up. It left the track on the outer side of the curve, tearing away the rail and stringers on which it rested for a distance of fifty to seventy-five yards. The track and the wreck were examined shortly after the accident. In one of the stringers a crack was found extending nearly half way through it, and along the edges of the stringers were some rotten places. A witness for the plaintiff testified that, from his examination, he was of the opinion that the cause of the accident was that the outer side of the curve was lower than the inner side, while the contrary should have been the case. Another witness testified that he examined the track the next day, and that the outside of the curve was two and a half or three inches lower than the inside; that the track had been temporarily repaired, and he, being in the employment of the road, went there to repair it. There was testimony that the supervisor of the road was at the place of the injury after its occurrence; that he appeared to have been drinking, and indulged in some profanity and abuse of the conductor, saying that it was carelessness and looked like he had been running thirty miles an hour. (These sayings of the supervisor appear to have been admitted for the purpose of impeaching him.) There was also evidence as to the extent of the injury.

The principal points of contest relied on by the defendant were as follows: The track at that point was properly laid with good material. It had recently been repaired, and several agents and employés of the road testified that they had been over that portion of the track shortly before the injury, and that it appeared to be in good condition. While the speed was somewhat faster than the schedule time, it was not an unusual or dangerous speed; and the track being in good condition, there was no more danger

The Central Railroad vs. Sanders.

of an accident in running around a curve than on a straight track. The stringers were sound and the rails good. The crack in one of the stringers was a mere sun-crack, and it was not in an unsound condition. The tearing up or splintering of timbers was such as might have occurred as the result of such an accident wherever it happened and however sound the rails may have been. One witness testified that where a track was in good condition, it could not be told what caused the accident, and that he had seen accidents on straight lines as well as on curves. The engineer testified that his engine was in good condition, and he thought the cars jerked it from the track. Another witness testified that the cars were in good condition. Several other trains had passed over that portion of the road on the day when the injury occurred, and had the outer rail been lower than the inner one, they would have left the track.

There was some conflicting evidence as to the putting in of a short stringer in one portion of the curve, and as to whether it was put in before or after the injury, but it appeared that it was not at the exact point where the train left the track.

The jury found for the plaintiff $2,500.00. Defendant moved for a new trial, which was refused, and it excepted.

W. S. WALLACE & SON, for plaintiff in error.

T. H. PICKETT ; J. H. GUERRY, by C. B. WOOTEN, for defendant.

BLANDFORD, Justice.

The defendant in error brought her action against the plaintiff in error and obtained a verdict and judgment. The defendant moved for a new trial on various grounds, which motion was overruled by the court below, and defendant excepted, and error thereon is assigned to this court.

1. The action was originally brought against the Central Railroad and Banking Company. The declaration was subsequently amended, without objection, by adding the words, after "Central Railroad and Banking Company," "of Georgia, lessees of the Southwestern Railroad Company." While the action remained against the Central Railroad and Banking Company, and before amendment, certain interrogatories were sued out for Georgia Sanders and others, and the case was stated on the interrogatories as it appeared originally in the declaration. The declaration having been amended as above stated, when the depositions were returned into court, counsel for plaintiff in error moved to suppress the same, upon the ground that when the interrogatories were sued out, there was no case against the plaintiff in error in court. This motion was refused by the court below, and this forms the first ground of complaint by plaintiff in error.

When the declaration was amended, there was a good case against the defendant. This amendment was more formal than real; the misnomer was so amended as to make the declaration speak the truth as to the name of defendant. The defendant was fully advised by the interrogatories of plaintiff as to the case the witness was to be examined about. The questions were full, and the crosses of defendant were likewise full as to all matters embraced therein. We think the testimony was admissible, and the court did right to refuse to suppress the same. See *Wright vs. Zeigler Bros.*, 70 *Ga.*, 502.

2. The defendant moved to suppress other interrogatories, after the amendment to plaintiff's declaration had been made, on account of some informality as to the statement of the case in the interrogatories. Whatever merit there may have been in this motion when made, the plaintiff in error having waived the ground in its motion for new trial that the verdict was excessive, and as this testimony goes alone to the injuries received by plaintiff, which bears alone upon the question of damages, the

ruling of the court below on this motion, whether right or wrong, is quite immaterial; and if wrong, under the present aspect of the case, would not work a reversal.

3. It is insisted by the able and ingenious counsel for plaintiff in error that the verdict is not supported by the evidence.    When one is injured by the running of the cars and engines of a railroad company, the law presumes that such injury was the result of the negligence of the railroad company, and such company, to relieve itself of such presumption, must show that it used all ordinary care and diligence to have prevented the injury.    It is admitted by counsel for plaintiff in error that the company did not know how this accident occurred ; that it is impossible to find out.    But we submit that, notwithstanding the ignorance of the company as to the cause of the accident, the presumption still exists of negligence on its part.  The defendant must show, to rebut the presumption, that it used all ordinary care and diligence.

This record shows affirmatively that the company was negligent in not having a suitable track; that the outside of the curve was lower than the inside; that the train was behind its time and was running rapidly to make up; all these things were in evidence and submitted to the jury. The judge who tried this case was satisfied with the verdict,—at least he refused to interfere with the same.  Where there is evidence to support the verdict, and the judge who tries the case refuses to grant a new trial, this court will not interfere.

Judgment affirmed.