SIMMONS *v.* THE EAST TENN., VA. & GA. RAILWAY CO.

If by reason of the negligence of a railway company a collision of its trains becomes imminent, and an employee upon one of them, whose life is consequently exposed, is prompted by the conductor

to run forward over intervening cars to give warning to the engineer, and in so doing, without imprudence or negligence on his own part, falls and is injured, the company is liable to compensate him in damages. In such case the negligence, whatever it may have been, which occasioned the perilous situation, is not too remote, provided a collision of the company's trains was so imminent as to render the conduct of the employee necessary and proper under all the circumstances of the occasion; and whether it was so or not is a question of fact for the jury.
November 6, 1893.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. March term, 1893.

MYNATT, WILLCOXON & MYNATT, for plaintiff.
DORSEY, BREWSTER & HOWELL, for defendant.

SIMMONS, Justice.

It appears from the declaration that the plaintiff, while on the defendant's train where he was employed as a brakeman, was placed in a position of imminent peril by the conduct of the engineer in not turning the engine into a switch and in going forward without slackening speed, when another train from an opposite direction was due and about to meet this train; that the conductor of the train the plaintiff was on, becoming alarmed at this, attempted to signal to the engineer with a lantern, and directed the plaintiff to do the same thing, and he did so, but their lanterns went out, and the only means of communicating with the engineer and stopping the train was for some one to run forward on the cars to the engine and tell the engineer to stop; that the conductor shouted excitedly and repeatedly to the plaintiff to run forward and do this, saying, " Go, go, go quick; we will hit before you can get there"; whereupon the plaintiff ran with the greatest possible speed from one car to another towards the engine, in order to avoid the apprehended collision; but while passing over a coal-car, he lost his footing and fell over a large lump of coal, injuring himself severely in the manner alleged in

the declaration; all of which, it is alleged, was caused by the negligence and improper conduct of the defendant; the negligence being alleged to consist in the engineer's allowing his train to get behind the schedule time, and in not turning the train into the switch but passing on, when he knew, or ought to have known, that the other train was due there.

We think the court below erred in holding that the declaration does not set forth a cause of action. The case is within the principle of the decisions which authorize a recovery where one jumps from a train to save himself under circumstances of imminent danger, and is injured. According to the declaration, the plaintiff found himself in a position of great peril, and this peril was brought about by the negligence of the engineer, the emergency having been precipitated by the latter's failure to turn the train into the switch when he ought to have done so. The alleged negligence in being behind time counts for nothing, for it cannot be regarded as a direct cause of the emergency. The case must stand or fall upon the allegation of negligence in passing the switch. In this emergency two modes of avoiding the impending danger were before the plaintiff, one to jump from the train and the other to run forward to the engine and stop it. The peril of the situation and the necessity for instant action in the mode adopted, were impressed and urged upon him by the conduct and commands of his superior officer, the conductor in charge of the train. If he had jumped from the train to avoid a collision and had been injured in so doing, and if the danger which led him to jump was brought about by the negligence of the defendant's engineer, and was so imminent as to render his conduct necessary and proper under all the circumstances of the occasion, he would be entitled to damages. (See *Southwestern Railroad Co.* v. *Paulk*, 24 *Ga.* 356; *Central Railroad Co.* v.

*Crosby*, 74 *Ga.* 738, 748 *et seq.*; and see the leading case of Jones *v.* Boyce, 1 Starkie (2 Eng. Com. L. Rep.), 493; also Beach, Contrib. Neg. (2 ed.) §§40, 42; Patterson, Ry. Ac. Law (1 ed.), 14. And the principle is the same if for the same reason, instead of jumping to the ground, he jumps, so to speak, to another part of the train, the difference being that in the one case he resorts to flight and in the other to prevention, as the mode of escape. (See *Central Railroad Co.* v. *Crosby*, *supra*, and other authorities cited.)

It was contended, however, that the proximate cause of the injury was the plaintiff's falling over the lump of coal, and that the alleged negligence did not contribute to his fall; and it is sought to analogize the case to that of *East Tenn. Ry. Co.* v. *Suddeth*, 86 *Ga.* 388, where a brakeman in the course of his duty, while passing over cars loaded with ore, stepped upon a piece of ore, which turned his foot, precipitating him from the car. It was there said that, *prima facie*, such an occurrence is a mere accident, and that such casualties pertain to the risks of the service in which the person injured was engaged. In that case, however, there was no act of negligence on the part of the defendant which led to the plaintiff's passing over the ore. The risks which an employee assumes by entering the service of the railroad company do not embrace the risk of another employee's negligence, which he is not bound to anticipate; and if the negligence of the engineer in this case placed the plaintiff in imminent danger, and it was to escape this that he passed over the coal car, thus encountering a risk which he would not otherwise be compelled to encounter, that negligence was just as much the cause of his injury as it would have been if he had adopted the alternative of jumping to the ground, and in doing so had fallen on a lump of coal or any other object that might happen to be in the way. The principle which governs in such

cases is stated by Judge Thompson, in his work on Negligence, thus: "If the negligence of B. compels A. to adopt a particular course which he would not have adopted but for such negligence, and in so acting, with ordinary prudence, A. is injured, he may recover damages from B." (2 Thomp. Neg., 1 ed. 1092.) The negligence, whatever it may have been, which occasioned the perilous situation, is not too remote, if a collision was so imminent as to render the conduct of the plaintiff necessary and proper under all the circumstances of the occasion; and whether this was so or not was a question for the jury.          *Judgment reversed.*