9177.    OCILLA SOUTHERN RAILROAD COMPANY *v.* BEAVERS.

BLOODWORTH, J.    The petition as amended was sufficient to withstand the demurrer, and the court ·did not err in overruling the demurrer.

Judgment affirmed.    Broyles, P. J., and· Harwell, J., concur.

DECIDED APRIL ·11, 1918.

Action for damages; from Ben Hill superior court—Judge Crum. July 25, 1917.

*Wall & Grantham, Quincey & Rice,* for plaintiff in error.

*Shipp `& Sheppard,* contra.

The petition alleges, that the plaintiff was working for the defendant company as an engineer, and was, on November ·13, 1916, on his run on a freight-train, leaving Nashville, Georgia, in the morning, and arriving at Perry, Georgia, in the afternoon, pulling the train with an engine known as No. 51, and when the train reached a place known as Salem, and while in the county of Ben Hill, the rear tank was derailed, causing six loaded cars behind the tank to be derailed also; that he was running about 18 miles an hour, and when the cars were derailed he shut off the engine and applied the emergency brakes; that he saw there was danger of the tank and freight-cars in the rear of the tank being thrown violently against the engine-cab where he was riding, and if this had been the case he would have been crushed to death, and in order to escape this apparent and imminent danger he leaped from the engine-cab, and when he struck the ground the force of the fall caused certain injuries described, for which he sues; that at the time of receiving the injuries he was free from fault, and that they were wholly caused by the negligence of the agents and employees of the defendant, (*a*) in that the track where the train was derailed was allowed to sag, and one side was considerably lower than the other, which caused the trucks to leave the track; (*b*) in that the rear truck of the engine-tank was defective and out of alignment, and thus caused the wheels to mount the track and·derail the cars; and· (*c*) in that the engine-tank did not have proper side-bearing supports, and the left-hand back side bearing was cracked and broken, and one bolt was gone and another loose. By amendment it was alleged, that at the time the plaintiff leaped from the engine-cab there was imminent danger, and it was apparent, and·plaintiff was in a position of imminent danger of losing his life by being crushed to death·by the tank and cars next

to the engine that had been derailed, and the only way of extricating himself from such position of danger was to leap from the cab, and in so doing he was free from all fault and in the exercise of all reasonable care. The allegations of negligence were amended as follows: By adding to subsection (*a*) that the defendant was negligent in not maintaining a reasonably safe track for its trains to travel over, in that at the point where the rear truck of the tank and the cars were derailed, one side of the track was allowed to become lower than the other side, and as the train reached this place the tank and cars lurched violently to one side, on account of the track not being level, and the wheels mounted the rails and went over and off the track. By adding to subsection (*b*) that the rear truck of the engine-tank was so constructed that the right and left wheels were not parallel, but were at different angles, and in this way were out of alignment, and the wheels would not follow the rails, which were parallel to each other, but one wheel would have a tendency to go in one direction and the other in another, and was only held in place by the strength of the axle, and on account of being thus out of alignment the rear truck wheels mounted the rails and ran off and caused the cars to be derailed as set out above. By adding to subsection (*c*) that on account of the defects in the engine-tank, the body would sway up and down, as the side bearings did not support the body as it would go down, and this would throw all the weight of the body on the tank to one side, and would and did cause the wheels of the tank to mount the rails and run off the track. It is further alleged that the plaintiff did not know of any of the alleged defects before receiving the injuries alleged, and could not have discovered them by the use of any degree of diligence.

The defendant demurred to the petition generally, and demurred specially to the allegations as to the danger that the plaintiff saw before leaping, and to the allegations of negligence.

*Wall & Grantham, Quincey & Rice,* for plaintiff in error, cited: *Walker* v. *A. & W. P. R. Co.,* 103 *Ga.* 820, 822-3; *Blackstone* v. *Cen. Ry. Co.,* 112 *Ga.* 762; *Price* v. *Cen. Ry. Co.,* 124 *Ga.* 899; *E. T. &c. R. Co.* v. *Head,* 92 *Ga.* 723; *Stewart* v. *S. A. L. Ry.,* 115 *Ga.* 624; *Roland* v. *Tift,* 131 *Ga.* 683 (2); *Hendrix* v. *Mfg. Co.,* 134 *Ga.* 712; *Beck* v. *Tumlin Co.,* 13 *Ga. App.* 618; *Kilgo* v. *Rome Mfg. Co.,* 16 *Ga. App.* 737 (4); *McDonnell* v. *Cen. Ry. Co.,* 118 *Ga.* 89-90, and cases cited.

*Shipp & Sheppard,* contra, cited: *Gainesville &c. Ry.* v. *Vandiver,* 144 *Ga.* 852; *Callahan* v. *W. & A. R. Co.,* 137 *Ga.* 726; *Simmons* v. *E. T. &c. Ry. Co.,* 92 *Ga.* 658, and cases cited; *Smith* v. *R. Co.,* 83 *Ga.* 671; *Ga. R. Co.* v. *Rhodes,* 56 *Ga.* 646; *M. & W. R. Co.* v. *Winn,* 26 *Ga.* 250; *Cen. R. Co.* v. *Sanders,* 73 *Ga.* 513 (3); *Charleston &c. R. Co.* v. *Lyons,* 5 *Ga. App.* 668 (2); *Cen. Ry.* v. *Brandenburg,* 129 *Ga.* 117; *Standard Cotton Mills* v. *Cheatam,* 125 *Ga.* 649; *Charleston &c. Ry. Co.* v. *Attaway,* 7 *Ga. App.* 231.