300 Ga. 740
FINAL COPY


S16Q1826.  IN THE INTEREST OF J. F., A CHILD.


NAHMIAS, Justice.

The Georgia Constitution says that "[t]he Court of Appeals may certify a question to the Supreme Court for instruction, to which it shall then be bound."  Ga. Const. of 1983, Art. VI, Sec. V, Par. IV.  In this case, the Court of Appeals, in a divided full-court (15-judge) decision, certified to this Court a single question of statutory construction:

> Does OCGA § 15-11-521 (b) require dismissal with prejudice when the State neither files a petition alleging [juvenile] delinquency within the applicable 30-day period nor seeks an extension of time in which to file such petition?

In the Interest of J. F., 338 Ga. App. 15, 20 (789 SE2d 274) (2016).[1]  Two

---

[1]  OCGA § 15-11-521 (b) says:
> If a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child's release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency. The court shall issue a written order reciting the facts justifying any extension.

Six of the 15 Court of Appeals judges concurred in Judge Dillard's majority opinion certifying the question; three concurred specially; one concurred fully and specially; and four dissented.  Those concurring agreed with the decision to certify the question but wrote separately to express their positions on the merits of the question.  See J. F., 338 Ga. App. at 20 (Ray, J., concurring specially);

panels of the Court of Appeals had previously decided that same question of law in contrary ways, with the first panel holding that the consequence of noncompliance with OCGA § 15-11-521 (b) is dismissal *without* prejudice, see In the Interest of M. D. H., 334 Ga. App. 394, 397-399 (779 SE2d 433) (2015), and the second panel deciding three days later that the consequence is dismissal *with* prejudice, see In the Interest of D. V. H., 335 Ga. App. 299, 300-301 (779 SE2d 122) (2015); see also id. at 301 (denying the State's motion for reconsideration based on M. D. H.). The facts pertinent to resolving those two cases based upon the answer to the legal question were undisputed, as they are in this case: the State failed to file a juvenile delinquency petition within the time required by OCGA § 15-11-521 and did not obtain an extension of time from the trial court. See J. F., 338 Ga. App. 16-17.

At the time the Court of Appeals certified its question to this Court, we had granted petitions for certiorari in both M. D. H. and D. V. H. to address

id. at 22 (McFadden, J., concurring fully and specially). The dissenting judges objected to the certification as improper under this Court's precedent and disagreed with the specially concurring judges as to how the appeal should be decided on the merits. See id. at 22-25 (Andrews, P. J., dissenting).

2

the same question. Since then we have decided those cases, holding in a single opinion that "if the State fails to file a delinquency petition within the required 30 days or to seek and receive an extension of that deadline, the case must be dismissed *without* prejudice," and thus affirming the decision in M. D. H. and reversing the decision in D. V. H. See In the Interest of M. D. H., 300 Ga. 46, 46-47 (793 SE2d 49) (2016) (emphasis in original). Because the answer to the certified question submitted by the Court of Appeals now "may be found in the decision of this [C]ourt in [another case,] we will not again undertake to consider the question[ ] submitted." Bump v. Continental Cas. Co., 219 Ga. 595, 595 (134 SE2d 787) (1964).

We therefore need not determine whether the certified question runs afoul of this Court's precedents holding that the Court of Appeals may not certify a question which, if answered, would effectively decide the whole case. See J. F., 338 Ga. App. at 18-19 (stating that "the answer to the question presented in this appeal would undoubtedly control the decision in this case" and "we are mindful that our Supreme Court has previously held that . . . 'even if the question certified is one of law only, it will not be answered if such answer would necessarily control the decision of the case'"

3

(quoting Kelly v. Georgia Cas. & Sur. Co., 216 Ga. 834, 835 (120 SE2d 329)

(1961)); id. at 22-23 (Andrews, P. J., dissenting) ("As the answer to the

question certified to the Supreme Court by the majority would clearly decide

the appeal, I believe this Court should decide the appeal." (also citing

Kelly)).[2]  Although the Court of Appeals majority acknowledged these

precedents, it decided to "carv[e] out a narrow (and perhaps temporary)

exception to this state's certification jurisprudence" for what it viewed as the

"unique dilemma" presented by this case; at the time the question was

certified, this Court had granted certiorari to review two Court of Appeals

---

[2]  In this Court's seminal decision on the scope of the certification provision, Lynch v. Southern Express Co., 146 Ga. 68 (90 SE 527) (1916), we explained that the kinds of questions that properly may be certified by the Court of Appeals are limited in two significant ways.  First, a certified question must be "a definite question of law"; "questions of fact, or mixed questions of law and fact," which require application of the law to the particular facts of the case, are not permitted. Id. at 71.  Second, even if the question presented is one of law, it cannot be answered if it, "in effect, calls for a decision of the whole case."  Id. at 68.  Since Lynch, when this Court's opinions have addressed our authority to answer questions certified by the Court of Appeals (which we should always consider before answering a question, as it involves a matter of jurisdiction), we have reiterated these limitations.  See, e.g., Lawrence v. State of Ga., 268 Ga. 420, 420 (489 SE2d 850) (1997) ("The questions certified seek application of the specific facts of this case to the law and seek resolution of the ultimate issue on appeal.  Under our case law, when the answer to a certified question would constitute the decision in the main case, this court will decline to answer the question."); Richmond County Hosp. Auth. v. McClain, 221 Ga. 60, 60 (143 SE2d 165) (1965) ("[A]n answer by the Supreme Court to the question certified would constitute a decision of the entire case by this court instead of the Court of Appeals. Under the Constitution this cannot be done." (citations omitted)); Raif v. State, 219 Ga. 649, 649 (135 SE2d 375) (1964) ("The first question so propounded is a mixed question of law and fact and for that reason cannot be answered by this court." (citing cases)).

4

cases that decided the same question in opposite ways, and the Court of Appeals had to consider overruling one of the cases that we were reviewing. See J. F., 338 Ga. App. at 15-16.

The provision for the Court of Appeals to certify questions to this Court and the provision for this Court to review decisions of the Court of Appeals by certiorari have coexisted in our Constitution for more than a century now.[3] This Court has not recognized any exception to our well-established precedents limiting the kinds of questions that may be properly certified, and we are not convinced that an exception would be warranted for the reasons set forth by the Court of Appeals in this case. When the Court of Appeals is faced with a question that also may be decided by this Court, if that court cannot certify the question in accordance with our precedents and

---

[3] The constitutional provision giving this Court jurisdiction over questions certified by the Court of Appeals of Georgia was added when that court was created by constitutional amendment in 1906. See Ga. L. 1906, p. 24. At that time, there was no provision for this Court to address through a writ of certiorari inconsistencies or errors in decisions of the Court of Appeals. Although a certiorari provision was added to the Constitution in 1916, see Ga. L. 1916, p. 19, the provision for the Court of Appeals to certify questions remained, and it has remained in every subsequent Georgia Constitution. See id.; Ga. Const. of 1945, Art. VI, Sec. II, Par. VIII; Ga. Const. of 1976, Art. VI, Sec. II, Par. VIII. As with many other provisions, the 1983 Constitution streamlined the text of the certified-question provision, but there is no indication that the revised language was meant to effectuate any substantive change, and this Court has continued to apply our pre-1983 precedents in construing the 1983 provision. See, e.g., Lawrence, 268 Ga. at 420 (explaining what questions properly may be certified by citing Louisville & Nashville R. Co. v. Hood, 149 Ga. 829 (102 SE 521) (1920)).

5

cannot delay its decision because of its obligation to decide appeals within two terms of court, see Ga. Const. of 1983, Art. VI, Sec. IX, Par. II, the court should simply decide its case as best it can.

Adhering to our precedents, we respectfully decline to answer the question certified by the Court of Appeals.

Certified question not answered. All the Justices concur, except Boggs and Peterson, JJ., disqualified.

Decided March 6, 2017.

Certified question from the Court of Appeals of Georgia.

G. Richard Stepp, for appellant.

Daniel J. Porter, District Attorney, Nhan-Ai D. Simms, Pareesa H. Amjadi, Assistant District Attorneys, for appellee.