**January 25, 2018**

# In the Court of Appeals of Georgia

A16A0395. IN THE INTEREST OF J. F., a child.

DILLARD, Chief Judge.

J. F. appeals from the juvenile court's denial of his motion to dismiss the

State's case against him with prejudice for failure to comply with OCGA § 15-11-521

(b). He argues that because the State failed to file a delinquency petition within 30

days after his release from detention and neglected to seek an extension of time to file

same, the juvenile court was required to dismiss the State's case with prejudice. We

originally certified the question presented in this case to the Supreme Court of

Georgia, which had granted certiorari in two other cases on this very issue.[1] But while

---

[1] *See In the Interest of J. F.*, 338 Ga. App. 15 (789 SE2d 274) (2016) (certifying question to Supreme Court of Georgia as to whether "OCGA § 15-11-521 (b) require[s] dismissal with prejudice when the State neither files a petition alleging delinquency within the applicable 30-day period nor seeks an extension of time in which to file such petition").

this case was pending, the issue was decided and the question answered by those other cases, and our Supreme Court declined to answer the question certified.[2] This case now returns to this Court and, the answer being controlled by the Supreme Court's decision in *In the Interest of M. D. H.*,[3] we affirm the juvenile court's ruling.

The undisputed facts show that J. F. was detained on January 30, 2015, and charged with robbery by sudden snatching and aggravated assault. The juvenile court released him from custody following a February 2, 2015 detention hearing. But then, on March 16, 2015, J. F. moved to dismiss the case with prejudice due to the State's failure to file a delinquency petition. On March 17, 2015, acknowledging that no delinquency petition had been filed within 30 days of J. F.'s release from custody as required by OCGA § 15-11-521 (b), the State simultaneously administratively dismissed the complaint and filed a new complaint identical to the one it had just

---

[2] *See In the Interest of J. F.*, 300 Ga. 740, 741 (797 SE2d 921) (2017) ("Because the answer to the certified question submitted by the Court of Appeals now may be found in the decision of this Court in another case, we will not again undertake to consider the question submitted." (punctuation omitted)).

[3] 300 Ga. 46 (793 SE2d 49) (2016); *see also In the Interest of J. F.*, 300 Ga. at 741 (noting that the certified question had since been answered in *In the Interest of M. D. H.*).

dismissed. Then, the State filed a delinquency petition within 30 days of the new complaint.

At a March 25, 2015 hearing on J. F.'s motion to dismiss, the assistant district attorney explained that no delinquency petition had been timely filed within 30 days of J. F.'s release because, in the course of implementing a new organizational system within her office, J. F.'s case had been overlooked. The assistant district attorney further informed the court that (1) her office's procedure was to administratively dismiss and then re-file complaints when the original time limit was missed , and (2) a motion for an extension of time had not been filed because she thought such a motion "would just be a waste of the court's time." Ultimately, the juvenile court denied J. F.'s motion to dismiss with prejudice, and this interlocutory appeal followed.

Once again, J. F. argues that the State failed to comply with OCGA § 15-11-521[4] when it did not file a delinquency petition within 30 days after his release from

---

[4] *See* OCGA § 15-11-521 (b) (providing that "[i]f a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child's release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency. The court shall issue a written order reciting the facts justifying any extension").

detention and neglected to seek an extension of time to file same and, thus, that the juvenile court was required to dismiss the State's case with prejudice. But the Supreme Court of Georgia has determined that "if the State fails to file a delinquency petition within the required 30 days or to seek and receive an extension of that deadline, the case must be dismissed *without* prejudice."[5] Accordingly, J. F.'s contention is without merit, and we affirm.

*Judgment affirmed. Barnes, P. J., Miller, P. J., Ellington, P. J., McFadden, P. J., Doyle, P. J., Andrews, Ray, Branch, McMillian, Rickman, Mercier, Reese, Self and Bethel, JJ., concur.*

---

[5] *In the Interest of M. D. H.*, 300 Ga. at 46-47; *accord In the Interest of J. F.*, 300 Ga. at 741.