### S94A0984. BOWLES v. ASKEW et al.
(448 SE2d 191)

SEARS-COLLINS, Justice.

Appellant John C. Bowles took but did not pass the July 1993 attorneys' examination for admission to the practice of law in Georgia. See Rules Governing Admission to the Practice of Law (Rules), Part C, Section 1. Bowles then petitioned the superior court for a writ of mandamus directing the Georgia Office of Bar Admissions to allow Bowles' representative to inspect certain examination papers. Specifically, Bowles sought to have his representative inspect the answers which were matched with his name as well as the answers of five other applicants who took the same examination, in order to determine whether Bowles actually submitted the answers which were matched to his name. Bowles contended that "such an inspection procedure would be the minimum required by the Due Process clauses of both the Georgia and Federal Constitutions." Bowles also sought a temporary restraining order to prevent the destruction of his answers pursuant to Part B, Section 13 of the Rules, which provides that an "applicant's answers [shall not] be retained beyond the commencement date of the succeeding examination."

After a hearing, the trial court denied Bowles' request for a temporary restraining order and dismissed the complaint for mandamus. The trial court found that the Board of Bar Examiners has the authority to deny Bowles access to the requested information under the Rules, and that "[i]n light of [Bowles'] unlimited opportunity to retake the bar examination, there is no evidence of irreparable injury." On appeal, Bowles reasserts his contention that he has been unconstitutionally deprived of due process of law. For the following reasons,

we affirm the trial court.

Part B, Section 13 of the Rules provides that "[t]he Director of Bar Admissions . . . shall not . . . allow inspection of either questions or answers following the giving of an examination." The due process ramifications of the lack of a procedure in Georgia's Rules for the review of a failed examination were considered in *Tyler v. Vickery*, 517 F2d 1089 (5th Cir. 1975). That court balanced the applicant's "interest in avoiding the loss which lack of the procedure inflicts upon him against the interests which the government seeks to advance by denying it." Id. at 1104. The *Tyler* court recognized that "scores of applicants fail the Georgia bar examination each time it is given," id. at 1105, and that requiring review of every failing grade would be "an intolerable burden upon the bar examiners." (Citation omitted.) Id. The court found that since there is no limit on the number of times an applicant may take the bar examination, "the 'liberty interest' a failing examinee has at stake [is] minor, . . . [while] the interests which the state seeks to advance by substituting reexamination for a hearing [are] substantial."

We find that even if there is a chance that Bowles' failing grade was based on examination answers other than his own, the likelihood that the same error would be repeated is minuscule, especially in light of the procedures and precautions in effect when the examination is administered and graded, see Parts B and C of the Rules.[1] As there remains no limit on the number of times an applicant may take the bar examination, we find that any liberty interest threatened by the trial court's dismissal of Bowles' complaint is outweighed by the state's interests advanced by the Rules and recognized in *Tyler*. Therefore, we hold that the trial court did not err in dismissing Bowles' complaint.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1994 —
RECONSIDERATION DENIED OCTOBER 6, 1994.

John C. Bowles, *pro se.*

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, Beverly M. Martin, Senior Assistant Attorney General, Julia B. Anderson, Assistant Attorney General,* for appellees.

---

[1] Bowles has not alleged any impropriety in the procedure for the administration and grading of the examination; rather, his only allegation consists of speculation that his examination booklet may have been confused with someone else's.