S98A0884. IN THE MATTER OF ROBERT L. BOWMAN.

(507 SE2d 438)

PER CURIAM.

Petitioner Robert L. Bowman, a practicing Tennessee attorney, took the February 1997 Georgia Attorneys' Examination[1] but did not achieve a passing score. Subsequent to the general release of the examination results, Bowman requested that the Board of Bar Examiners regrade his answers to two of the essay questions. Upon

---

[1] The Georgia Attorneys' Examination consists of the essay portion of the Georgia Bar Examination and the Multistate Performance Test, but does not include the Multistate Bar Examination. See Part C, Section 3 of the Rules Governing Admission to the Practice of Law.

the Board's refusal to regrade the answers, Bowman sought an order from this Court directing the Board to waive Part B, Section 13, or in the alternative Part C, Section 2 (e), of the Rules Governing Admission to the Practice of Law ("Rules"). Having determined that the Rules are clear and unambiguous, we decline to issue an order directing any such waiver.

1. "Admission to the State Bar of Georgia is governed by Rules promulgated by this Court." *In re C. R. W.*, 267 Ga. 534 (481 SE2d 511) (1997). Part B, Section 13 of the Rules prohibits the Board from "regrad[ing] any applicant's answers to examination questions after the general release of grades." Here, Bowman concedes that his request for regrading came after the date of the general release of grades, and that the Board's decision not to grant a regrading request is mandated by the unambiguous language of the Rules. While we acknowledge that Part E, Section 4 of the Rules provides for a general waiver by the Board of certain provisions contained therein, that provision also expressly prohibits the Board from "waiv[ing] the prohibition on regrading of essay answers after the general release of grades." As Bowman is entitled to take the Bar examination, we find that any interest he may have in the regrading of his answers "is outweighed by the state's interests advanced by the Rules." *Bowles v. Askew*, 264 Ga. 520 (448 SE2d 191) (1994).

2. Bowman further argues that an informal process of review exists within the Board's procedures that would allow review of his examination performance and subsequent regrading of his answers based upon his academic and professional qualifications and the proximity of his score to a passing grade.[2] However, the Rules themselves do not delineate any such informal review process in connection with the regrading of examination answers. Furthermore, the case upon which Bowman relies as support for this informal review process, *Tyler v. Vickery*, 517 F2d 1089 (5th Cir.) (1975), predates the adoption of our current Rules, which expressly prohibit regrading after the general release of grades. Therefore, Bowman's extrinsic qualifications and the proximity of his score to a passing grade are irrelevant to any determination in this matter.

3. Bowman's alternative assertion that this Court should order the Board to waive Part C, Section 2 (e) governing his eligibility for the February 1998 Attorneys' Examination is denied as moot.

*Decision affirmed. All the Justices concur.*

---

[2] Bowman's score was six points under the score deemed as a passing grade. He also asserts that he is entitled to the benefit of the doubt in having his exam regraded based upon his "exemplary school record."

DECIDED SEPTEMBER 14, 1998.

*Robert L. Bowman,* pro se.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Senior Assistant Attorney General, Rebecca S. Mick, Assistant Attorney General,* for Board of Bar Examiners.