## S02Z0075. IN THE MATTER OF AMAR PAL SINGH.
### (576 SE2d 899)

PER CURIAM.

Petitioner Amar Pal Singh sat for the February 2001 Georgia bar examination. In May 2001, the Office of Bar Admissions ("OBA") informed Singh he had not achieved a passing score. Singh filed this appeal in which he contends that the method of computing scores used by the OBA violates the rules governing admission to the practice of law in Georgia.

1. Section 8 (a) of Part B of the Rules Governing Admission to the Practice of Law in Georgia sets out that

> an applicant shall have passed the Georgia Bar Examination if he or she obtains a total score of 270 on the exam. This score shall be the sum of the scaled score achieved on the Multistate Bar Examination (MBE), the scaled score achieved on the Multistate Performance Test (MPT) and the scaled score achieved on the essay questions prepared by the Board of Bar Examiners. If an applicant does not achieve a scaled score of 115 on the MBE, he or she will be deemed to have failed the exam and the essay and MPT answers will not be graded by the Board of Bar Examiners.

When the OBA informed Singh in May 2001 that his overall score on the bar exam was 269, OBA also informed him that, because he had been within five points of passing, his essay and MPT answers had been re-graded and the examination grade reported was the higher of the initial or the re-graded score. His "total raw essay/MPT score" was reported as 20.5, with a "scaled score" of 126. The MBE score was reported as "136 raw and 143 scaled." Adding the two reported scaled scores (126 + 143) resulted in a score of 269, one point short of a passing grade.

Upon receipt of the information from the OBA, two statisticians at East Carolina University issued a memorandum to the OBA in

which they concluded that the "rounding scheme" used to calculate bar exam scores was "inherently flawed." The chairman of ECU's Department of Decision Sciences issued a memo to the OBA in which he reviewed the scoring system used in Georgia and concluded "the scale is inconsistent and unfair." The memoranda were accompanied by a letter from a professor at Campbell University's Norman Adrian Wiggins School of Law who expressed concern about a possible error in the computation of Singh's score, brought about by the " 'rounding up' process in converting raw scores to scaled scores." Georgia's Director of Bar Admissions submitted the ECU memoranda to the deputy director of testing for the National Conference of Bar Examiners for review and reported that she agreed that there was no mistake in the scores reported to Singh.

After several written exchanges between OBA and persons acting on behalf of applicant Singh, Singh filed an appeal in this Court in which he asserted that the OBA's use of a "double-rounding/truncation" procedure to reach the final score achieved on the bar exam did not comply with the requirement of the Rules Governing Admission that scaled scores be added together. Contending that his scaled score on the MPT/Essay portion of the exam was 126.95 and the MBE scaled score was 143.32, applicant Singh maintains he achieved a passing score of 270.27. The position of the OBA is that its consistent and historical[1] use of the rounded, scaled MBE score provided by the administrator and scorer of the MBE, American College Testing, Inc. ("ACT") (143 in this case) meets the requirements of the Rules Governing Admission. When the MBE rounded, scaled score is added to the MPT/Essay scaled score of 126.9, applicant Singh achieved a score of 269.9, not a passing score.

Admission to the State Bar of Georgia is governed by rules promulgated by this Court. *In re E. L. D.*, 268 Ga. 883 (1) (494 SE2d 317) (1998). We have delegated to the Board of Bar Examiners "the task of implementing a reasonable means of testing the competence of those who aspire to the practice of law." *Pace v. Smith*, 248 Ga. 728, 732 (286 SE2d 18) (1982). At issue in this case is the construction of the word "scaled" as it is used in a rule promulgated by this Court and implemented by the Board of Bar Examiners. In construing the rule, we use the rules of statutory construction. *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643 (2) (551 SE2d 58) (2001). One such rule is to give "words connected with a particular trade or subject matter . . . the signification attached to them by experts . . . with reference to such subject matter." OCGA § 1-3-1 (b). The Director of Research

---

[1] OBA maintains it has been the policy of the Georgia Board of Bar Examiners since the 1980s to use the rounded, scaled score provided by ACT as the MBE scaled score, and that the policy has been applied to every examinee's exam since adoption of the policy.

at the National Conference of Bar Examiners, an expert in "the validity and technical quality of licensure and certification examinations," opined that

> [i]t is common practice in discussions of testing to distinguish between two types of scores, raw scores and scaled scores. A *raw* score is "raw" in the sense that it is not processed; . . . [s]caled scores are scores that have been transformed in some way to make them more interpretable. . . . [T]hey can be rounded or truncated and are still considered scaled scores. . . . [R]ounding or truncation is integral to the process of generating scaled scores. . . . The issue in scaling is not whether to round or truncate, but how to round or truncate.

Since, in testing parlance, the term "scaled score" includes a rounded, scaled score, the Board of Bar Examiners acted within the confines of the rule when it adopted the policy to use the rounded, scaled score supplied by ACT as the scaled score for the MBE portion of the exam. Consequently, the OBA was correct when it informed applicant Singh that he had not achieved a passing score on the February 2001 Georgia bar examination.

2. We deny applicant's motion to admit him to the practice of law by default because this Court did not dispose of his appeal during the term of court in which it was filed or the term next following. See 1983 Ga. Const., Art. VI, Sec. IX, Par. II.[2] The cases to which the "two-term rule" applies are those that fall within our general and exclusive appellate jurisdiction as mandated by the state constitution. See 1983 Ga. Const., Art. VI, Sec. VI, Pars. II, III, IV, V. It is not applicable to those cases filed in this Court in furtherance of this Court's exercise of its inherent authority to supervise and regulate the practice of law in Georgia.[3]

*Decision affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 2003 —
RECONSIDERATION DENIED MARCH 10, 2003.

*Womble, Carlyle, Sandridge & Rice, Kirk W. Watkins*, for Singh.

---

[2] "The Supreme Court and the Court of Appeals shall dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term."

[3] We note that the "remedy" for an appellate court's failure to timely dispose of a case to which the two-term rule is applicable is the affirmance of the lower court's judgment by operation of law. See *Superb Carpet Mills v. Thomason*, 183 Ga. App. 554, 556 (359 SE2d 370) (1987) (on motion for rehearing).

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew*, for the Board of Bar Examiners.