## S02Z1711. IN RE RICHARD A. GOODMAN.
### (578 SE2d 884)

PER CURIAM.

Richard A. Goodman graduated from law school in 2001 and took and failed the Georgia Bar Examination in February 2002. The Georgia Board of Bar Examiners denied his request to verify that it had accurately read his handwritten answers to the Multistate Performance Test ("MPT") portion of the bar examination and he appeals. Because Goodman is essentially requesting that the Board regrade his answers and we see no reason to deviate from the rules prohibiting regrading, we affirm.

Goodman surmises that he received poor grades on the MPT because the bar examiner who graded his MPT answers may have had difficulty reading his handwriting. To support this hypothesis, Goodman relies on the grades that he received on the Georgia essay portion of the examination, which were higher than his scores for the MPT. Both portions require handwritten answers. Goodman also has published numerous articles in professional journals and edited several books, some of which have law-related themes. He contends that his prolific history of publishing and other professional accomplishments provide further support that his grades may have been based on something other than the merits of his answers.

To resolve the perceived uncertainty, Goodman requests the opportunity to have his handwritten answers transcribed so that the bar examiner who previously graded Goodman's answers can review the typed answers. If the answers reflect what the bar examiner thought the handwriting said, then Goodman says he will accept his failing grade. If, however, the typewritten answers show that Goodman should have received a different grade, then Goodman requests that he receive the new grade.

Georgia's Rules Governing Admission to the Practice of Law prohibit "the Board or any member thereof [from] regrad[ing] any applicant's answers to examination questions after the general release of

grades. . . ."[1] Requiring the Board to regrade failing answers "would be an intolerable burden upon the bar examiners" because "scores of applicants fail the Georgia bar examination each time it is given."[2] There is no dispute that Goodman's request came after the general release of grades.

Although Goodman characterizes the requested relief as verification instead of regrading, the result would be the same. A bar examiner would have to look at the transcribed answers and remember whether he or she based Goodman's grades on the typewritten answers or a different understanding of the answers when they were handwritten. Even assuming such an exercise were possible, which we doubt given the large number of applicants and the time that has passed since grades were issued, the burden on the Board would be the same as regrading. Furthermore, implicit in the requirement that applicants handwrite a portion of their bar examinations is the requirement that any handwritten answers be sufficiently legible for bar examiners to assign a grade based on the substance of the answer.

Here, Goodman can readily remedy any perceived misreading by retaking the bar examination.[3] We therefore affirm the Board's decision.

*Decision affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003 —
RECONSIDERATION DENIED APRIL 11, 2003.

*Freed & Berman, Kenneth A. Hindman*, for appellant.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Kristin L. Miller, Assistant Attorneys General, Hulett S. Askew*, for Board of Bar Examiners.

---

[1] Ga. Rules Governing Admission to the Practice of Law, Part B, § 13.
[2] *Bowles v. Askew*, 264 Ga. 520, 521 (448 SE2d 191) (1994).
[3] See *Bowles*, 264 Ga. at 521.