S04Z1790. IN THE MATTER OF TONY HEDGE.

(610 SE2d 519)

PER CURIAM.

Tony Hedge sat for the February 2004 bar examination. On May 28, 2004, the Board of Bar Examiners notified Hedge that he did not achieve a passing score.[1] Nearly three weeks later, the Board informed Hedge that, in view of a mistake on essay question number 3, it decided to recalculate the bar exam scores by excluding the score on question number 3; that it consulted with national experts on psychometrics and concluded that the reliability of the exam would not be impacted substantially by dropping question number 3; that by using that approach to recalculate the scores of unsuccessful applicants, an additional seven applicants passed the exam; but that the recalculation did not result in a passing score for Hedge. Hedge filed an appeal to this Court asserting the method used by the Board of Bar Examiners to recalculate the exam was flawed because it violated due

---

[3] 277 Ga. 255, 269 (587 SE2d 613) (2003).

[1] Hedge's overall score was 269. A score of 270 was required to pass the February 2004 bar examination.

process and the equal protection rights of all applicants who received a score of 269.

The Rules Governing Admission to the Practice of Law, Pt. F, § 7, provides, in pertinent part:

> (a) Upon being notified by the Board to Determine Fitness of Bar Applicants that his or her application has been denied or by the Board of Bar Examiners of any final determination by that Board (with the exception of bar exam results), an applicant may appeal the decision to the Court for review.

This rule does not permit review of the results of the bar examination. It is not the function of this Court to oversee or second guess the work of the bar examiners when it comes to grading the bar exam. To the extent that Hedge's complaint focuses on his bar exam result, it will not be reviewed. See *In the Matter of Robert L. Bowman*, 269 Ga. 721 (507 SE2d 438) (1998).

Hedge asserts that he is not contesting the results of the bar examination but, rather, the way in which the Board went about recalculating the exam, and that this issue is subject to review by this Court. See *In the Matter of Singh*, 276 Ga. 288 (576 SE2d 899) (2003), in which the applicant contested the "double-rounding/truncation procedure" applied by the Board to all exams. In this regard, Hedge posits that in recalculating the exam, the Board violated due process and equal protection because only those who initially failed the examination were regraded by dropping question number 3. In other words, Hedge complains, the Board applied two different grading procedures to two different groups of bar applicants — those who initially passed the exam and those who did not. This assertion is premised on the supposition that those who initially passed the exam would have failed if they were regraded without taking into account question number 3. This is not supported by the record and, even if it were, Hedge cannot show how he was harmed. Hedge was graded twice — once with question number 3 and once without — and he failed both times.

While we sympathize with Hedge's plight, and the plight of all bar applicants who come so close to achieving a passing bar exam score, it cannot be said that the Board violated due process and equal protection when it recalculated the scores of those who initially failed the exam.

*Decision affirmed. All the Justices concur.*

DECIDED MARCH 7, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

Tony Hedge, *pro se.*

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Kristin L. Miller, Assistant Attorneys General, Hulett H. Askew,* for Board of Bar Examiners.