# Court of Appeals
# of the State of Georgia

ATLANTA,  May 14, 2024

*The Court of Appeals hereby passes the following order:*

## A24A0089.  JAY R. PATEL et al. v. MUKESH C PATEL et al.

This is the second time this case, in which appellants seek to vacate the confirmation of an arbitration award by the DeKalb Superior Court, has been before us. *See Jay R. Patel et al. v. Mukesh C. Patel et al.* (A19A0851). In its initial iteration, appellant argued, *inter alia*, the arbitration award was void because R. C. Patel, one of the parties to the arbitration but not a named party in this appeal, was in bankruptcy at the time of the arbitration proceedings. And on August 22, 2019, during the pendency of the case in this Court, the United States Bankruptcy Court for the Northern District of Georgia entered an interlocutory order finding that the DeKalb Superior Court violated the bankruptcy automatic stay in confirming the award as to R. C. Patel. *See Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F3d 252, 260-61 (II) (B) (2) (3d Cir. 2006) (holding the automatic stay provision of 11 USC § 362 applies to arbitration proceedings). In light of that order, we remanded the case to the DeKalb Superior Court for further proceedings.

Thereafter, the DeKalb Superior Court stayed proceedings, granting appellees' motion that it do so while the Bankruptcy Court issued a ruling on appellees' motion in that court to annul the stay. And on June 23, 2022, the Bankruptcy Court, in fact, issued an order denying appellants' motion to enforce the stay and annulling the original stay as appellees requested. Consequently, the DeKalb Superior Court lifted

its own stay, and on May 9, 2023, that court again confirmed the arbitration award in favor of appellees. Appellants subsequently filed the appeal currently before this Court.

On the day after the appeal was docketed in this Court, the United States District Court for the Northern District of Georgia affirmed the Bankruptcy Court's order annulling the stay. R. C. Patel then filed an appeal with the United States Court of Appeals for the Eleventh Circuit, challenging, *inter alia*, the Bankruptcy Court's ruling to annul the stay. Initially, the Eleventh Circuit dismissed the appeal based on R.C. Patel's failure to timely file an appendix, but it allowed R. C. Patel a second opportunity to file an appendix, which he apparently did. And on February 21, 2024, the Eleventh Circuit reinstated his appeal.

Given these circumstances, this Court is faced with a unique dilemma of resolving this appeal based on a current presumption as to the status and legal implications of the automatic stay that the Eleventh Circuit may ultimately find erroneous or once again remanding this case to the DeKalb Superior Court for possible further proceedings once the Eleventh Circuit issues a ruling. Because of Georgia's constitutionally mandated two-term rule, allowing the case to remain pending here until the Eleventh Circuit rules is not an option. *See* GA. CONST. Art. VI, § IX, ¶ II ("The Supreme Court and the Court of Appeals shall dispose of every case at the term for which it is entered on the court's docket for hearing or at the next term."); *In re Singh*, 276 Ga. 288, 290 n. 3 (576 SE2d 899) (2003) (noting that "the 'remedy' for an appellate court's failure to timely dispose of a case to which the two-term rule is applicable is the affirmance of the lower court's judgment by operation of law"). And while we acknowledge that both parties contend this appeal can be resolved by this Court regardless of how the Eleventh Circuit rules, we think

that it is inadvisable to do so. *See Acands, Inc.*, 435 F3d at 259 (II) (B) (noting that an arbitration should have been halted once it became apparent that proceeding further *could* negatively impact the bankruptcy estate).

Accordingly, we remand this case to the DeKalb Superior Court for further proceedings, if necessary, once the Eleventh Circuit rules on the appeal of the Bankruptcy Court's order annulling the automatic stay under 11 USC § 362.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  05/14/2024

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*