A08A0282. IN THE INTEREST OF E. C., a child.
(662 SE2d 252)

ADAMS, Judge.

The trial court dismissed a deprivation petition without prejudice because it was filed outside of the five-day limit imposed by OCGA § 15-11-49 (e). On appeal, the mother of E. C. contends the petition should have been dismissed with prejudice.

On May 24, 2007, the juvenile court conducted a 72-hour hearing to determine whether there was probable cause to believe that E. C., age three, was a deprived child. The court found that the mother had stipulated to probable cause, and it ordered that temporary custody remain with the Department of Family and Children Services. The Department, however, did not file a deprivation petition until May

---

31, 2007, seven days later. The mother moved to dismiss the petition with prejudice. The juvenile court granted the motion but without prejudice. This appeal ensued.

The relevant Code section provides that under the circumstances present here, a petition for a hearing "shall be made and presented to the court within five days of the detention hearing." OCGA § 15-11-49 (e). The Supreme Court of Georgia has addressed a similar deadline found in the same Code section and held that the procedural requirements of what is now OCGA § 15-11-49 are mandatory. *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 407 (229 SE2d 66) (1976) (considering former Ga. Code § 24A-1404 (c)).

*Sanchez* addressed subsection (c) whereas this case involves subsection (e).[1] Both provide procedural deadlines for deprivation and delinquency cases. And the Supreme Court of Georgia has applied interpretations of the delinquency procedures to deprivation cases and vice versa, since both are governed by Chapter 11 of Title 15 of the Code. See, e.g., *Livingston v. State*, 266 Ga. 501, 505 (467 SE2d 886) (1996) ("[T]he procedural requirements of the Code are applicable when a child is taken into custody or temporarily detained, regardless of whether it is for alleged delinquency, unruliness, or deprivation," quoting *Sanchez*).

But the Supreme Court has made clear that any dismissal for failure to follow one of these procedural rules is "without prejudice":

> These procedural safeguards are easily followed. If, for some reason they are not, dismissal of the petition would be without prejudice. Another petition can be filed without delay if there is reason to believe the child is being neglected or abused.

*Sanchez*, 237 Ga. at 411. See also *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 140 Ga. App. 175 (230 SE2d 139) (1976) (on remand from the Supreme Court); *In the Interest of R. D. F.*, 266 Ga. 294, 296 (466 SE2d 572) (1996) (overruling delinquency cases holding that the dismissal is with prejudice).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

---

[1] When *Sanchez* was decided, a petition for a deprivation hearing had to be filed within 72 hours of the detention hearing under former Ga. Code § 24A-1404 (e). See Ga. L. 1971, pp. 725-726. This Code section was renumbered OCGA § 15-11-21 in 1981. See OCGA § 15-11-49, notes. In 1986, the deadline for filing a petition for deprivation was changed to five days. Ga. L. 1986 at p. 1097. That deadline was moved to its current section, OCGA § 15-11-49 (e), in 2000. Ga. L. 2000, p. 20, § 1.

DECIDED MAY 8, 2008.

*Meng H. Lim*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Kimberly, Puckett & Mullins, Kimberly D. Puckett, Evan L. Stapler*, for appellee.