**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 13, 2015**

# In the Court of Appeals of Georgia

A15A1092. IN THE INTEREST OF D. V. H., a child.

MCFADDEN, Judge.

This appeal presents an issue of first impression under Georgia's new Juvenile Code: If the state fails to file a delinquency petition within 30 days after the filing of a complaint against a child, as required by OCGA § 15-11-521 (b) (a provision of the new Juvenile Code), does the filing of a new complaint reset the time period for filing the delinquency petition? We conclude that a new complaint that merely reasserts the same factual circumstances as the first complaint does not reset the time period. Accordingly, we affirm the juvenile court's dismissal of the untimely delinquency petitions against D. V. H. in this case.

Under the new juvenile code, a complaint is "the initial document setting out the circumstances that result in a child being brought before the court." OCGA § 15-

11-2 (14). This definition encompasses the complaints in this case, which took the form of police reports signed by investigating officers that were filed with the juvenile court. In contrast, a petition alleging delinquency "shall be filed by an attorney as set forth in Code Section 15-18-6.1." OCGA § 15-11-520. A petition also shall be verified and shall set forth plainly and with particularity specific information set forth in OCGA § 15-11-522.

In a prior proceeding, the juvenile court dismissed two delinquency petitions against D. V. H. because the state had filed the petitions more than 30 days after the filing of complaints alleging that D. V. H. had violated various criminal laws. The state had moved the juvenile court to extend this 30 day period pursuant to OCGA § 15-11-521 (b), which permits the juvenile court to grant such an extension upon a showing of good cause and notice to all of the parties, but the juvenile court denied the state's motion.

New complaints then were filed regarding the same factual circumstances as in the initial complaints. Within 30 days of the filing of the new complaints, the state filed the delinquency petitions at issue in this appeal. The juvenile court granted D. V. H.'s motion to dismiss the new delinquency petitions, holding that "the time limits in the [j]uvenile [c]ourts of this [s]tate must be strictly construed and . . . refiling a

2

case under a new number to reset the time limits circumvents the purpose of the time limits[.]"

The state argues that the juvenile court erred in his ruling "by disregarding the well-established body of law on multiple criminal charging instruments, double jeopardy, and the effect, if any, of a dismissal." In support of the argument that the juvenile court should have considered criminal law in ruling on this issue of juvenile court procedure, the state cites OCGA § 15-11-4 (1), which provides that "[w]here procedures are not provided in this chapter [Chapter 11 of the new Juvenile Code], the court shall proceed in accordance with . . . Title 17 [the criminal procedure title] in a delinquency proceeding[.]"

Chapter 11 of the new Juvenile Code, however, provides the necessary procedures for determining the effect of the second set of complaints filed in this case. OCGA § 15-11-521 (b) both sets the time limitations for filing delinquency petitions and provides a mechanism by which the state can seek an extension of those limitations. It pertinently provides that where, as here, "a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law" and that, "[u]pon a showing of good cause and notice to all parties, the court may grant an extension of

3

time for filing a petition alleging delinquency." OCGA § 15-11-521 (b). And as explained above, OCGA § 15-11-2 (14) defines the "complaint" as "the *initial* document setting out the circumstances that resulted in a child being brought before the court." (Emphasis supplied.) Read together, these Code sections required the state to file the delinquency petition against D. V. H. within 30 days after the filing of such an *initial* document (here, the initial complaints against him). The subsequent complaints against D. V. H. did not reset this 30-day period, because they merely reasserted the same circumstances set forth in the initial complaints and thus were not "complaints" as defined by the Juvenile Code.

In considering other time limitations within the Juvenile Code, we have recognized that "the legislature intended to set time limitations for the [s]tate to act" and we have refused to construe the Code in a manner that would "eviscerate[ ]" those time limitations. *In the Interest of C. B.*, 313 Ga. App. 778, 781 (723 SE2d 21) (2012). The same consideration applies here. Allowing the state to file new complaints to restart the clock after missing the deadline for filing the delinquency petitions and failing to convince the juvenile court to grant it an extension of that deadline would eviscerate the statutory time limitation for such petitions. Because the state did not obtain an extension and the delinquency petitions at issue in this appeal

4

were filed more than 30 days after the filing of the complaints, as that term is defined by OCGA § 15-11-2 (14), the petitions were untimely under OCGA § 15-11-521 (b). Accordingly, the juvenile court did not err in dismissing the petitions.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*

ON MOTION FOR RECONSIDERATION

The state has moved for reconsideration, arguing that our recent opinion in *In the Interest of M. D. H.*, __ Ga. App. __ (__ SE2d __) (Cases No. A15A1289 & A15A1908, decided Nov. 10, 2015), compels a different result. We disagree. The holding in *In the Interest of M. D. H.* arises from a significantly different procedural posture, where the juvenile court, in essence, allowed the state to file a late petition. Unlike here, *In the Interest of M. D. H.* did not involve a juvenile court that had rejected the state's attempt to obtain an extension, as the plain language of OCGA § 15-11-521 (b) permits a juvenile court to do. See OCGA § 15-11-521 (b) ("Upon a showing of good cause and notice to all parties, the court *may* grant an extension of time for filing a petition alleging delinquency. The court shall issue a written order reciting the facts justifying any extension.") (emphasis supplied). Nor did *In the Interest of M. D. H.* concern an attempt by the state, after having its request for an extension rejected, to get around the expiration of the statute's 30-day period by attempting to file a new complaint. While there is some tension between the analysis in this case and in *In the Interest of M. D. H.*, given the distinctions between the holdings of those two decisions we do not view *In the Interest of M. D. H.* to compel a juvenile court to accept a late petition when the court has determined that an extension for filing the petition was unjustified.