**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 10, 2015**

# In the Court of Appeals of Georgia

A15A1289. IN THE INTEREST OF M. D. H., a child.

A15A1908. IN THE INTEREST OF M. D. H., a child.

RAY, Judge.

M. D. H., a juvenile, appeals from the juvenile court's order granting his motion to dismiss a delinquency petition filed against him. In its order, the juvenile court dismissed the petition without prejudice. On appeal, M. D. H. contends that the juvenile court should have dismissed the petition with prejudice because the State failed to comply with the deadline for filing a petition alleging delinquency under OCGA § 15-11-521 (b). Because M. D. H. raises the same issue in both Case Nos. A15A1289 and A15A1908, we consolidate these cases on appeal. For the following reasons, we affirm.

On December 5, 2014, a complaint was filed against M. D. H. with the Juvenile Court of Cherokee County. The complaint alleged that M. D. H. "sent threatening text messages telling people he was going to bring guns to school . . . [and] threatened to kill his friend if he told anyone about his plans." On that same day, a detention hearing was held, and the child was not detained. On January 6, 2015, a petition alleging delinquency was filed in the juvenile court. On January 12, 2015, M. D. H. filed a motion to dismiss the complaint because the petition was not filed within 30 days of the complaint, as required by OCGA § 15-11-521 (b). No request for an extension of time was filed. After a hearing, in which the State conceded that the petition had been filed a day late, the juvenile court dismissed the complaint *without prejudice.* In Case No. A15A1289, M. D. H. appeals from the juvenile court's dismissal of the complaint, arguing that the dismissal should have been *with prejudice* under the terms of OCGA § 15-11-521.

Prior to the filing of the appeal in Case No. A15A1289, the State filed a second petition on January 29, 2015, again alleging that M. D. H. committed the delinquent act of making terroristic threats. M. D. H. then filed a motion to dismiss this subsequent petition, which the trial court denied. The case then proceeded to trial, and M. D. H. was adjudicated and placed on probation for reckless conduct, a lesser-

2

included offense of terroristic threats. In Case No. A15A1908, M. D. H. appeals from his adjudication and the denial of his motion for new trial, raising the same enumeration of error.

1. In Case No. A15A1289, the State, as appellee, contends that M. D. H.'s appeal from the trial court's initial dismissal of his motion to dismiss the petition against him with prejudice is moot because the State filed a subsequent complaint and petition alleging delinquency and the juvenile court adjudicated M. D. H. delinquent. We disagree.

"An appeal is moot when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy, or when such resolution will determine only abstract questions not arising upon existing facts or rights." (Footnotes omitted.) *Pimper v. State ex rel. Simpson*, 274 Ga. 624, 626 (555 SE2d 459) (2001). However, "[i]f an appellant . . . will benefit by reversal of a case, his appeal is not moot." (Citation omitted.) *Johnson & Harber Constr. Co. v. Bing*, 220 Ga. App. 179, 181 (1) (469 SE2d 697) (1996). Here, M. D. H.'s appeal from the denial of his first motion to dismiss the delinquency petition against him is not moot despite his adjudication prior to this appeal. If the trial court's order were to be

reversed on appeal, he would benefit from having his adjudication declared a nullity. See OCGA § 5-6-48 (b) (3). Accordingly, we cannot find M. D. H.'s appeal moot.

2. In both Case Nos. A15A1289 and A15A1908, M. D. H. argues that the juvenile court erred in interpreting OCGA § 15-11-521 (b) as requiring it to dismiss the petition without prejudice.

It is well-settled that

> in all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly. In so doing, the ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. . . . [Further,] . . . when we are interpreting a statute, we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it. We construe statutes in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection. . . .with reference to other statutes and decisions of the courts.

(Punctuation and footnotes omitted.) *Chase v. State*, 285 Ga. 693, 695-696 (2) (681 SE2d 116) (2009).

4

With these principles in mind, we now turn to the language of the statute. OCGA § 15-11-521 provides that

> (a) If a child *is in detention prior to adjudication*, a petition alleging delinquency shall be filed not later than 72 hours after the detention hearing. If no petition alleging delinquency is filed within the applicable time, such child shall be released from detention and the complaint shall be dismissed without prejudice. Such petition may be refiled as provided in subsection (b) of this Code section within the statute of limitations.

> (b) If a child *is not in detention prior to adjudication*, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child's release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency. The court shall issue a written order reciting the facts justifying any extension.

(Emphasis supplied.)

As M. D. H. was not in detention prior to adjudication, subsection (b) of OCGA § 15-11-521 applies in the present case. Under subsection (b), the State had 30 days from the filing of the complaint to file the petition alleging delinquency, but it did not meet the deadline in this case. As "[t]here must be scrupulous adherence to due process requirements in juvenile court proceedings[,]" *In re B. A. P.*, 180 Ga.

5

App. 433, 434 (1) (349 SE2d 218) (1986) (citation and punctuation omitted), the trial court correctly dismissed the complaint against M. D. H.

M. D. H. argues on appeal that, because subsection (a) specifically provides for a dismissal without prejudice and subsection (b) does not, then the Legislature did not intend for any dismissals under subsection (b) to be without prejudice. M. D. H. also argues that a finding that a dismissal under subsection (b) shall be without prejudice would render the language allowing the trial court to grant an extension to file a petition meaningless. We disagree and find that the Legislature did not intend for the dismissal of a complaint with prejudice for the failure to comply with the filing deadline in OCGA § 15-11-521 (b).

In construing a related statute in Georgia's former Juvenile Code,[1] former OCGA § 15-11-26,[2] our Supreme Court held that former OCGA § 15-11-26 (a) did

---

[1] Georgia has adopted a new Juvenile Code, which became effective on January 1, 2014, and applies to juvenile proceedings commenced on or after January 1, 2014. Ga. L. 2013, Act 127, §§ 1-1.

[2] Former OCGA § 15-11-26 (a) provided that

> After the petition has been filed the court shall fix a time for hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall not

6

not constitute a speedy trial demand and, thus, violations of its provisions should not result in dismissal of the case with prejudice. In so holding, our Supreme Court reasoning is instructive.

> In stark contrast to OCGA §§ 17-7-170 and 17-7-171 [Georgia's speedy trial statutes[3]], there is no explicit language in OCGA § 15-11-26 which mandates that the failure to comply with the statutory time limits provided therein will result in an adjudication of the juvenile's non-delinquency by operation of law. If the legislature had intended that a non-compliance with [former] OCGA § 15-11-26 (a) would result in the automatic acquittal of a defendant in a delinquency case, it could have expressly provided for the comparable remedy afforded for a non-compliance with OCGA § 17-7-170. The legislature did not so provide.

(Citations and punctuation omitted.) *In the Interest of R. D. F.*, 266 Ga. 294, 296 (3) (466 SE2d 572) (1996) (superceded by statute in *In the Interest of A. H.*, 332 Ga. App. 590, 593 (2), n. 6 (774 SE2d 163) (2015)). See, e. g., *Butler v. State*, 207 Ga. App. 824, 824-825 (429 SE2d 280) (1993) (After defendant's case was not docketed

---

be later than 60 days from the date of the filing of the petition.

[3] OCGA § 17-7-170 (b) provides that "[i]f the "defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, . . . the defendant *shall be absolutely discharged and acquitted of the offense charged in the indictment*[.]" (Emphasis supplied.) See also OCGA § 17-7-171 (b) (same in the context of capital cases).

for retrial during two terms of court, he sought acquittal under OCGA § 5-5-49 based on the State's failure to retry him in a timely manner. This Court declined to acquit because, unlike Georgia's speedy trial statutes, OCGA § 5-5-49 "mandates no express sanction for a non-compliance with its provisions" and if the legislature had intended for non-compliance of OCGA § 5-5-49 to result in automatic acquittal, it could have specifically stated such).

Similarly, in OCGA § 15-11-521, the statute at issue in the present case, the Legislature did not provide explicit language providing that a juvenile would receive a dismissal with prejudice as a result of the State's failure to file a timely petition for delinquency under OCGA § 15-11-521 (b). We recognize that the Juvenile Code has expressly stated in other sections that a complaint alleging a child is in need of services or alleging dependency should be dismissed without prejudice if the proper petition is not filed within the time limits prescribed by statute, see OCGA §§ 15-11-421, 15-11-151. However, we decline to hold that the Legislature intended anything in OCGA § 15-11-521 (b) beyond what the plain and usual meaning of the language of the statute provides. If they intended for an untimely petition to be dismissed with prejudice, then it is within their power to amend the statute to so provide. See *Butler, supra* (this Court shall decline to hold that the Legislature intended anything beyond

8

what a statute's "language, in its fair and usual meaning, will indicate; and, if the terms of their enactment have not embraced the object contended for, the power is with them, by additional Act or Acts, to extend them") (Citations and punctuation omitted).

Further, the Supreme Court's opinion in *In the Interest of R. D. F.,* supra, put the Legislature on notice as it drafted its new juvenile code that dismissals *with prejudice* would only be enforced to the extent expressly provided for by statute, but that otherwise such a drastic remedy would not be engrafted by the appellate courts. See *Chase*, supra (when interpreting a statute, this Court must presume that the Legislature was aware of the existing state of the law at the time it enacted the statute with reference to it).

Based upon the above, we affirm the trial court's dismissal of the complaint against M. D. H. without prejudice.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur*.