Dillard, Judge.
This Court is faced with a unique dilemma. On the one hand, the Georgia Constitution dictates that we decide each case within two terms of being docketed. On the other hand, that same Constitution also requires us to respect our place in this state’s judicial hierarchy and steadfastly avoid encroaching upon the Supreme Court of Georgia’s exclusive jurisdiction or domain. But in order to decide the case before us, we must choose between two conflicting precedents that are *16 currently being reviewed by our Supreme Court as part of its certio-rari process. And while our constitutional duty to decide cases within two terms of docketing may well authorize us to make this choice, we think that it is inadvisable to do so. Instead, we choose to exercise our authority under Article VI, Section V, Paragraph IV of the Georgia Constitution and certify the question presented in this case to our Supreme Court “for instruction,” to which we “shall then be bound.” We do not take this action lightly. And in doing so, we fully recognize that this Court is treading into murky jurisprudential waters. But faced with the choice of carving out a narrow (and perhaps temporary) exception to this state’s certification jurisprudence or disrupting our Supreme Court’s certiorari process, we choose the former.
Before fleshing out our reasoning for certifying the question presented in this case to our Supreme Court, we will briefly describe the procedural context of the case, as well as the parties’ respective arguments. Specifically, J. F. appeals from the juvenile court’s denial of his motion to dismiss the State’s case against him with prejudice for failure to comply with OCGA § 15-11-521 (b). He argues that because the State failed to file a delinquency petition within 30 days after his release from detention and neglected to seek an extension of time to file same, the trial court was required to dismiss the State’s case with prejudice.
The undisputed facts show that J. F. was detained on January 30, 2015, and charged with robbery by sudden snatching and aggravated assault. The juvenile court released him from custody following a February 2, 2015 detention hearing. But then, on March 16, 2015, J. F. moved to dismiss the case with prejudice due to the State’s failure to file a delinquency petition.
On March 17, 2015, acknowledging that no delinquency petition had been filed within 30 days of J. F.’s release from custody as required by OCGA § 15-11-521 (b), the State simultaneously administratively dismissed the complaint and filed a new complaint identical to the one it had just dismissed. Then, the State filed a delinquency petition within 30 days of the new complaint.
At a March 25, 2015 hearing on J. F.’s motion to dismiss, the assistant district attorney explained that no delinquency petition had been timely filed within 30 days of J. F.’s release because, in the course of implementing a new organizational system within her office, J. F.’s case hadbeen overlooked. The assistant district attorney further informed the court that (1) her office’s procedure was to administratively dismiss and then re-file complaints when the original time limit was missed, and (2) a motion for an extension of time had not been filed because she thought such a motion “would just be *17 a waste of the court’s time.” Ultimately, the trial court denied J. F.’s motion to dismiss with prejudice, and this interlocutory appeal follows.
As always, our analysis necessarily begins with the text of the relevant statute, i.e., OCGA § 15-11-521 (b), which provides:
If a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child’s release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency The court shall issue a written order reciting the facts justifying any extension.
This Court recently addressed this Code section in two procedurally similar cases, which were issued just three days apart: In the Interest of M. D. H.,[1] decided on November 10, 2015, and In the Interest of D. V. H.,[2] decided on November 13, 2015. However, on March 7, 2016, the Supreme Court of Georgia issued an order granting petitions for a writ of certiorari in both cases.[3] In doing so, our Supreme Court indicated that it was “particularly concerned” with whether this Court “correctly applied OCGA § 15-11-521 (b).”[4]
Again faced with the issue we addressed in M. D. H. and D. V.H., we recognize—as we did on motion for reconsideration in D. V. H.[5]— that there is tension between the analyses employed in those cases. Indeed, the particular facts of this case, as well as our Supreme Court’s decision to grant certiorari in M. D. H. and D. V.H., make this tension even more palpable. This tension, of course, should and must be resolved. And our Supreme Court has strongly signaled its intent to do just that with its consolidated grant of certiorari as to both of those cases. Nevertheless, some members of this Court propose that we should take the opportunity afforded by this case to revisit, clarify, and resolve the tension between M. D. H. and D. V. H. by overruling M. D. H. We think this course of action is inadvisable. To overrule—or even substantially revise or clarify—one of these cases would disrupt *18 the status quo of the very precedents now pending before our Supreme Court and encroach upon that court’s constitutional authority to review this Court’s decisions.[6] This brings us back to the question of whether certifying this case to the Supreme Court of Georgia is appropriate.
As previously noted, we are only faced with this unique dilemma because of Georgia’s constitutionally mandated two-term rule.[7] Unlike federal courts, we are not at liberty to delay the disposition of appeals in anticipation of pending decisions from the Supreme Court of the United States or our own Supreme Court.[8] We have concluded, then, that the only meaningful course of action is for this Court to certify the question presented in this case to our Supreme Court for its consideration along with M. D. H. and D. V.H., as is permitted by the Constitution of the State of Georgia.[9]
In taking this course of action, we are mindful that our Supreme Court has previously held that “[a] certified question of law and fact will not be answered and, even if the question certified is one of law only, it will not be answered if such answer would necessarily control the decision of the case.”[10] Although the answer to the question *19 presented in this appeal would undoubtedly control the decision in this case, we have found no published opinion addressing whether this well-established principle applies in cases in which this Court’s decision to answer such a question would necessarily disrupt our Supreme Court’s certiorari process.[11] Nevertheless, out of respect for the “sacrosanct role” the Supreme Court of Georgia plays “in establishing and maintaining a coherent and consistent body of authoritative decisional law,”[12] the degree of consideration given by our Supreme Court before granting petitions for certiorari,[13] and a desire to avoid confusing the bench and bar while a decision by the Supreme Court is pending,[14] we choose to take the road that has yet to be traveled and certify the question before us (and thus this case) to the Supreme Court of Georgia. If we were merely faced with following a precedent under review by our Supreme Court, that would be one thing. But proposing to overrule or substantially clarify one or more *20 precedents currently under consideration by our Supreme Court, and thereby disrupting that court’s certiorari process, goes a bridge too far.[15] As a result, we hereby certify the following question to our Supreme Court:
DoesOCGA § 15-11-521 (b) require dismissal with prejudice when the State neither files a petition alleging delinquency within the applicable 30-day period nor seeks an extension of time in which to file such petition?
The Clerk of this Court is directed to prepare a certified copy of the foregoing question (as outlined in this opinion) and transmit this case, together with the record, to the Supreme Court of Georgia, as permitted by Georgia Constitution Art. VI, § V, ¶ IV and Georgia Constitution Art. VI, § VI, ¶ III (7).

Question and, case certified to the Supreme Court of Georgia.

Miller, P. J., Boggs, Branch, Rickman, Mercier and Peterson, JJ., concur. Barnes, P. J., Ellington, P. J., McFadden and Ray, JJ., concur fully and specially. Doyle, C. J., Andrews, P. J., Phipps, P. J., and McMillian, J., dissent.

RAY, Judge,
concurring specially
I join in the majority’s decision to certify to our Supreme Court the question of whether OCGA § 15-11-521 (b) required the trial court to dismiss with prejudice the petition alleging delinquency when it was not filed within the 30-day period following the filing of the complaint. This course seems prudent given the Supreme Court’s grant of certiorari to review our holdings in two somewhat procedurally similar cases, In the Interest of M. D. H.[16] and In the Interest of D. V. H.,[17] which were decided by different panels of this Court at or about the same time. Most assuredly, the Supreme Court’s resolution of the issues in those cases will impact the ultimate resolution of the issues in the case herein.
In his dissent, Judge Andrews argues that not only should we decide this case on the merits and not forward the case to the Supreme Court for its consideration of the question that we certify, but also that we should reverse the decision of the trial court, thus *21 requiring the trial court to dismiss the State’s petition against J. F. with prejudice. If we were to decide this case on its merits and not allow the Supreme Court to first weigh in, I believe that the appropriate action would be to vacate and remand this case to the trial court to consider whether good cause exists to allow the State to file its petition alleging delinquency outside of the 30-day period found in OCGA § 15-11-521 (b).
The dissent agrees that the State should normally have an opportunity to demonstrate whether good cause exists for its late filing of a petition and, indeed, the statute specifically allows as much. Yet, apparently, by arguing that we should reverse the trial court’s order below, the dissent agrees with J. F. that the State should not get that opportunity herein. While arguably it may be correct that the State cannot manipulate the filing deadline by withdrawing its original complaint and re-filing the same so as to get an additional 30-day safe harbor within which to file its petition for delinquency, I cannot agree with the suggestion that the opportunity to pursue its claim has been lost. As best I can tell, at no point has the trial court ruled whether and to what extent the State’s late filing of the petition was justified. In my view, it is this decision that would determine whether this case can proceed, and the trial court should have the opportunity to consider the same.
Should this case have been decided on the merits, I do agree that we might have properly limited our holding in In the Interest of M. D. H. to the extent it implied that the State, despite its failing to comply with the 30-day deadline under OCGA § 15-11-521 (b), could proceed with its original petition or file a new one without the trial court’s entering of an order with the required written findings of fact justifying an extension of the 30-day deadline. Yet, in M. D. H., the trial court apparently mistakenly believed that it did not have the discretion to extend the 30-day period, despite the wording of the statute. At the same time, it at least implicitly found that good cause existed to justify the State’s continued pursuit of its charges against the juvenile because it refused to dismiss the first petition with prejudice, noting the reason for the delay of its filing[18] and “the serious nature of the charge [s]” against the juvenile, which included threatening to bring guns into his school and to kill his friend if he told anyone about his plans.[19]
*22 The dissent argues that the facts of the present case are similar to those found in In the Interest of D.V. H., wherein we affirmed the trial court’s decision to dismiss with prejudice a petition for delinquency after the trial court found that just cause did not exist to allow an untimely petition to proceed. The facts of D. V. H. are distinguishable, however, from the facts in both the instant case and those found in M. D. H. The trial courts in M. D. H. and the instant case did not rule that the State was without a sufficient excuse to justify a late filing; indeed, arguably, the trial courts in each case implicitly found just the opposite.
In summary, I agree with the majority’s decision to certify this case to the Supreme Court and to allow it, if it so chooses, to resolve the issues herein concurrent to its consideration of the other two cases outlined above which are currently before it. However, if we were to have decided this case on its merits, I believe the appropriate resolution would have been to vacate the trial court’s ruling and remand this case for a determination as to whether the State would be entitled to proceed with its petition although it was not timely filed. Should the trial court agree, then it would be required to issue a written order setting forth the reasons justifying that decision. If the trial court did not believe good cause so existed, then I agree that a dismissal with prejudice would be the proper result.
I am authorized to state that Presiding Judge Barnes and Presiding Judge Ellington join in this special concurrence.
McFADDEN, Judge,
concurring fully and specially.
I concur fully in the majority opinion. I write separately only to note that, if the question were not to be certified, I would adhere to In the Interest of D. V. H., 335 Ga. App. 299 (779 SE2d 122) (2015), and join Presiding Judge Andrews’s opinion.

 334 Ga. App. 394 (779 SE2d 433) (2015).

 335 Ga. App. 299 (779 SE2d 122) (2015).

 See Order Granting Writ of Certiorari, Case Nos. S16G0428, S16G0546 (March 7, 2016).

 Id.

 See 335 Ga. App. at 301 (on motion for reconsideration).

 See Ga. Const. Art. VI, § VI, ¶ V (“The Supreme Court may review by certiorari cases in the Court of Appeals which are of gravity or great public importance.”); see also Ga. Const. Art. VI, § VI, ¶ VI (“The decisions of the Supreme Court shall bind all other courts as precedents.”).

 See Ga. Const. Art. VI, § IX, ¶ II (“The Supreme Court and the Court of Appeals shall dispose of every case at the term for which it is entered on the court’s docket for hearing or at the next term.”).

 See In the Matter of Singh, 276 Ga. 288, 290 n.3 (576 SE2d 899) (2003) (noting that ‘the ‘remedy’ for an appellate court’s failure to timely dispose of a case to which the two-term rule is applicable is the affirmance of the lower court’s judgment by operation of law”); see generally Ga. Const. Art. VI, § V, ¶ III (“The Court of Appeals shall be a court of review and shall exercise appellate and certiorari jurisdiction in all cases not reserved to the Supreme Court or conferred on other courts of law. The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents.”).

 See Ga. Const. Art. VI, § V, ¶ IV (“The Court of Appeals may certify a question to the Supreme Court for instruction, to which it shall then be bound.”); Ga. Const. Art. VI, § VI, ¶ III (7) (“Unless otherwise provided by law, the Supreme Court shall have appellate jurisdiction of the following classes of cases: . . . All cases certified to it by the Court of Appeals [.] ”); see also OCGA § 15-2-8 (2) (noting that the Supreme Court has the authority to “hear and determine all cases, civil and criminal, that may come before it; to grant judgments of affirmance or reversal, or any other order, direction, or decree required therein; and, if necessary, to make a final disposition of a case in the manner prescribed elsewhere in this Code”); OCGA § 15-2-8 (7) (noting that the Supreme Court has the authority to “exercise such other powers, not contrary to the Constitution of this state, as given to it by law,” and that “[t]his paragraph shall not be interpreted to abrogate the inherent power of the court”); Supreme Court of Georgia Rule 47 (“The Court certifying to this Court a question of law shall formulate the question and cause the question to be certified and transmitted to this Court, together with copies of such parts of the record and briefs in the case as the certifying Court deems relevant.”).

 See Kelly v. Ga. Cas. & Sur. Co., 216 Ga. 834, 835 (120 SE2d 329) (1961); see also Womack v. U.S. Fid. & Guar. Co., 208 Ga. 717, 717 (69 SE2d 188) (1952) (“For this court to answer all questions necessary to a decision is for us to decide the case which is, by the Constitution, made *19 the duty of the Court of Appeals.”); S. Exchange Bank v. First Nat’l Bank, 165 Ga. 289, 289 (140 SE 753) (1927) (“[U]nder repeated rulings of this court, where a certified question of law does not propound a distinct issue of law, but in effect calls for a decision of the whole case, this court need not answer it.” (punctuation omitted)). But see Houston v. Lowes of Savannah, Inc., 235 Ga. 201, 203 (219 SE2d 115) (1975) (answering question of law in first certified question from a majority of the Court of Appeals, but declining to answer second certified question, which “call[ed] for a determination and application of facts disposing of the entire case and should not be answered by this court in response to a certified question”); Penn. Mut. Life Ins. Co. v. Blount, 37 Ga. App. 756 (142 SE 183) (1928) (“In certifying a question to the Supreme Court, the Court of Appeals can propound any question of law which in its opinion is presented by the record, and an answer to which might be necessary to a proper disposition of the case. In so doing, the court may limit its inquiry to questions, the answers to which would not be exhaustive of all questions presented by the record, and which might be necessary to the proper disposition of the case.”).

 Cf. C.I.T. Corp. v. Smith, 68 Ga. App. 556, 556 (23 SE2d 503) (1942) (declining to certify question to Supreme Court when “the Supreme Court in so many recent cases has applied the above rule in cases involving similar questions”); Adams v. Powell, 67 Ga. App. 460, 462 (21 SE2d 111) (1942) (“The Court of Appeals is not authorized by the constitutional provision permitting that court to certify questions of law to the Supreme Court to request a review by the Supreme Court of a decision rendered by the Supreme Court.” (punctuation omitted)).

 Report of the Georgia Appellate Jurisdiction Review Commission, 9 (Jan. 2016), https://gov.georgia.gov/sites/gov.georgia.gov/files/related_files/press_release/Final_Appellate Jurisdiction Review Commission Report.pdf; see Ga. Const. Art. VI, § VI, ¶ VI (“The decisions of the Supreme Court shall bind all other courts as precedents.”); Ga. Const. Art VI, § V, ¶ III (“The Court of Appeals shall be a court of review and shall exercise appellate and certiorari jurisdiction in all cases not reserved to the Supreme Court or conferred on other courts by law. The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents.”).

 See Ga. Const. Art. VI, § VI, ¶ V (“The Supreme Court may review by certiorari cases in the Court of Appeals which are of gravity or great public importance.”); see also Supreme Court of Georgia Rule 40 (“A review on certiorari is not a right_A petition for the writ will be granted only in cases of great concern, gravity, or importance to the public.”).

 See State v. Hudson, 293 Ga. 656, 661 (748 SE2d 910) (2013) (“In determining whether to reexamine this Court’s precedent, we must consider factors such as the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning.” (punctuation omitted)).

 In reaching this conclusion, we do not fault our dissenting colleagues for the contrary position they have taken. The question of whether or not to certify this question and case to our Supreme Court is a difficult one, and reasonable judges can (and do) disagree about how best to answer it.

 334 Ga. App. 394 (779 SE2d 433) (2015).

 335 Ga. App. 299 (779 SE2d 122) (2015).

 In M. D. H., supra, it was undisputed that the prosecutor did not receive the complaint on his desk until the thirty-first day after it was filed and that the prosecutor filed the delinquency petition that same day.

 Under the facts of M. D. H„ supra, the proper result may have been for this Court to have vacated M. D. H.’s adjudication and remand the case to the trial court for a ruling on whether *22 it intended to grant an extension under OCGA § 15-11-521 (b) and for a written order providing facts justifying such an extension. At the same time, however, the juvenile in M. D. H. did not enumerate as an error that the trial court did not make written findings justifying the late filing of the petition, only that the trial court had to dismiss the State’s initial petition with prejudice.