S16G0428. IN THE INTEREST OF M. D. H., a child.
S16G0546. IN THE INTEREST OF D. V. H., a child.
(793 SE2d 49)

NAHMIAS, Justice.

According to OCGA § 15-11-521 (b), the State must file a petition alleging delinquency against a juvenile who is not detained within 30 days of the filing of the complaint or seek an extension of that deadline from the juvenile court. These cases present the question of what happens when the State fails to meet this requirement.

In *In the Interest of M. D. H.*, 334 Ga. App. 394 (779 SE2d 433) (2015), a panel of the Court of Appeals held that the failure to comply with OCGA § 15-11-521 (b) requires dismissal of the juvenile case, but the dismissal is *without* prejudice. See *M. D. H.*, 334 Ga. App. at 395. Three days later, a different panel answered the same question the opposite way, concluding that a violation of OCGA § 15-11-521 (b) requires dismissal *with* prejudice. See *In the Interest of D. V. H.*, 335 Ga. App. 299, 299 (779 SE2d 122) (2015). We granted certiorari in both cases, asking whether the Court of Appeals correctly applied OCGA § 15-11-521 (b). The cases were orally argued on June 20, 2016, and they have been consolidated for opinion. In conformity with the precedent in this area, we now hold that if the State fails to file a delinquency petition within the required 30 days or to seek and receive an extension of that deadline, the case must be dismissed

---

*without* prejudice. Accordingly, we affirm the Court of Appeals' judgment in *M. D. H.*, and we reverse the judgment in *D. V. H.*

### Case No. S16G0428 (M. D. H.)

1. On December 5, 2014, a sheriff's investigator filed a complaint against M. D. H., who was then 13 years old, in the Cherokee County Juvenile Court. The complaint alleged that M. D. H. committed the delinquent act of making terroristic threats by sending threatening text messages telling people that he was going to bring guns to his middle school and threatening to kill his friend if the friend told anyone. A detention hearing was held the same day, but M. D. H. was not detained.

On January 6, 2015, a petition alleging delinquency against M. D. H. was filed in the juvenile court. M. D. H. filed a motion to dismiss the petition because it was not filed within 30 days of the complaint as required by OCGA § 15-11-521 (b), and no request for an extension of time was filed by the State or granted by the juvenile court.[1] After a hearing at which the State admitted that it missed the deadline set by OCGA § 15-11-521 (b) and did not ask for an extension, the juvenile court dismissed the case on January 28. In its order, the court noted that the parties disagreed as to whether the dismissal should be with or without prejudice. The court held that the dismissal was without prejudice, considering precedent interpreting the former Juvenile Code and reasoning that, "given the seriousness of the charge, the General Assembly could not have intended for dismissal with prejudice" to be the remedy for an untimely petition. M. D. H. appealed the juvenile court's order to the Court of Appeals.

Meanwhile, on January 26, 2015, a different investigator filed a new complaint against M. D. H., alleging again that he committed the delinquent act of making terroristic threats based on the facts alleged in the December 5, 2014 complaint. On January 29, 2015, the State filed a petition based on the new complaint. M. D. H. filed a motion to dismiss the petition, which the juvenile court denied on the ground that the first petition had been dismissed without prejudice. The case proceeded to trial on the second petition, and M. D. H. was adjudicated delinquent for the lesser included offense of reckless conduct and placed on probation. M. D. H. appealed his adjudication, alleging that because the first petition should have been dismissed with prejudice, the second petition should also have been dismissed.

---

[1] Because the 30th day after December 5 was Sunday, January 4, the petition was due by January 5. See OCGA § 15-11-5 (a). Thus, it was filed one day late.

The Court of Appeals consolidated the two appeals and affirmed the juvenile court's dismissal of the first petition without prejudice and denial of the motion to dismiss the second petition. See *M. D. H.*, 334 Ga. App. at 395. The Court of Appeals relied primarily on this Court's decision in *In the Interest of R. D. F.*, 266 Ga. 294 (466 SE2d 572) (1996), which was decided before the enactment of OCGA § 15-11-521 and held that the failure to comply with former OCGA § 15-11-26 (a), which established a deadline for setting the adjudicatory hearing in juvenile cases, resulted in dismissal of the case without prejudice. See *M. D. H.*, 334 Ga. App. at 398. M. D. H. petitioned this Court for a writ of certiorari, which we granted.[2]

### *Case No. S16G0546 (D. V. H.)*

2. On October 8, 2014, two complaints were filed against D. V. H., who was then 16 years old, in the Jasper County Juvenile Court. The complaints alleged that D. V. H. committed the delinquent acts of criminal trespass and theft by taking (misdemeanors) and criminal damage to property in the second degree (a felony) when he trespassed on private property, stole a surveillance camera, and damaged a pick-up truck. The 30-day deadline imposed by OCGA § 15-11-521 (b) for filing a delinquency petition against D. V. H. passed on November 8. On November 20, the State filed a motion requesting that the juvenile court extend the time for filing the petition. After a hearing, the court denied the motion on December 3, ruling that the State failed to show good cause for missing the deadline, and the court dismissed the two cases.

On December 8, 2014, two new complaints were filed against D. V. H., alleging the same facts and criminal acts alleged in the October 8 complaints. Petitions alleging delinquency based on these complaints were filed on December 16. At the arraignment hearing, D. V. H. moved to dismiss the new petitions on the ground that they were not timely filed pursuant to OCGA § 15-11-521 (b), because they were filed more than 30 days after the complaints that first alleged the conduct at issue. The juvenile court agreed and dismissed the petitions, holding that "the time limits in the Juvenile Courts of this State must be strictly construed in favor of the accused and that refiling a case under a new number to reset the time limits circum-

---

[2] The State has filed a motion to dismiss this appeal as moot on the ground that M. D. H. has been dismissed from probation. M. D. H. still has been adjudicated delinquent, however, and his record could affect him negatively in later juvenile or criminal proceedings. See OCGA §§ 15-11-703, 15-11-708. Thus, M. D. H.'s release from probation does not render this appeal moot, and we deny the State's motion to dismiss.

vents the purpose of the time limits."[3]

The State appealed the dismissals to the Court of Appeals, which affirmed the juvenile court's order. See *D. V. H.*, 335 Ga. App. at 299. The Court of Appeals first reasoned that the Juvenile Code's definition of "complaint" as "the initial document setting out the circumstances that resulted in a child being brought before the court," OCGA § 15-11-2 (14), meant that the new complaints were not "complaints" that reset the 30-day period under OCGA § 15-11-521 (b) because they set forth the same circumstances as the original complaints. See *D. V. H.*, 335 Ga. App. at 300. The court also cited *In the Interest of C. B.*, 313 Ga. App. 778 (723 SE2d 21) (2012), in reasoning that allowing the State to file new complaints to reset the deadline for filing a delinquency petition would eviscerate the time limitation established by OCGA § 15-11-521 (b). See *D. V. H.*, 335 Ga. App. at 300-301. The Court of Appeals' panel did not mention the decision by another panel in *M. D. H.* that had issued three days earlier.

When the State raised *M. D. H.* on motion for reconsideration, the *D. V. H.* panel acknowledged that "there may be some tension between the analysis" in the two cases, but distinguished *M. D. H.* on the ground that it arose from a "significantly different procedural posture," because the State in that case had not sought and been denied an extension of time. *D. V. H.*, 335 Ga. App. at 301. D. V. H. then filed a petition for certiorari, which we granted.

### Analysis

3. As an initial matter, the Court of Appeals in *D. V. H.* was incorrect in concluding on motion for reconsideration that *M. D. H.* and *D. V. H.* are meaningfully distinguishable because of their "significantly different procedural posture." Whether the State does not seek an extension of the statutory deadline for filing a delinquency petition (as in *M. D. H.*) or seeks an extension but is denied (as in *D. V. H.*) does not affect the consequence for missing the deadline. The same question — what is that consequence? — is presented in both of these cases, and we will proceed to address it.

OCGA § 15-11-521 was enacted as part of Georgia's new Juvenile Code, which took effect on January 1, 2014. See Ga. L. 2013, p. 294, § 1-1. The statute says:

> (a) If a child is in detention prior to adjudication, a petition alleging delinquency shall be filed not later than 72

---

[3] Although the juvenile court did not explicitly say the dismissals were with prejudice, that was the effect of the court's ruling.

hours after the detention hearing. If no petition alleging delinquency is filed within the applicable time, such child shall be released from detention and the complaint shall be dismissed without prejudice. Such petition may be refiled as provided in subsection (b) of this Code section within the statute of limitations.

(b) If a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child's release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency. The court shall issue a written order reciting the facts justifying any extension.

There is no dispute that the State in both of these cases failed to meet the 30-day deadline set out in subsection (b) and also failed to obtain an extension of the deadline from the juvenile court. But while this deadline is express and unequivocal — the petition "*shall* be filed within 30 days" — the statute does not articulate what the remedy is for missing the deadline. So we must determine what remedy the General Assembly meant to impose with this silence.

We have yet to address this question as to OCGA § 15-11-521 (b), but as the Court of Appeals' panel recognized in *M. D. H.*, this Court considered the same question when we interpreted a similar statute in the former Juvenile Code in *R. D. F.* Former OCGA § 15-11-26 (a) said:

After the petition has been filed the court shall fix a time for [the adjudicatory] hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition. In the event the child is not in detention, the court shall fix a time for hearing thereon which shall be not later than 60 days from the date of the filing of the petition.

Like OCGA § 15-11-521 (b), former OCGA § 15-11-26 (a) used mandatory language — the court "*shall* fix a time . . . which *shall* be not later than 60 days" — and we concluded in *R. D. F.* that the legislature meant to impose a consequence for failing to meet such an explicit deadline in the Juvenile Code. See 266 Ga. at 295-296. We disagreed, however, with the consequence the Court of Appeals had imposed in deciding *R. D. F.* on direct appeal — dismissal with prejudice — which treated former OCGA § 15-11-26 (a) as similar to OCGA §§ 17-7-170

and 17-7-171, the statutes governing speedy trial demands in criminal cases. See *R. D. F.*, 266 Ga. at 296.

In an opinion by Justice Hunstein, the Court reversed that holding based on the absence in former OCGA § 15-11-26 (a) of a clear directive to dismiss with prejudice like the one in OCGA §§ 17-7-170 and 17-7-171. Those two statutes explicitly say that if the deadline to provide a properly demanded speedy trial is not met, the defendant "shall be absolutely discharged and acquitted of the offense charged." OCGA §§ 17-7-170 (b) (non-capital cases), 17-7-171 (b) (capital cases). By contrast, former OCGA § 15-11-26 (a) lacked such explicit acquittal language. We reasoned:

> If the legislature had intended that a non-compliance with OCGA § 15-11-26 (a) would result in the automatic acquittal of a defendant in a delinquency case, it could have expressly provided for the comparable remedy afforded for a non-compliance with OCGA § 17-7-170. The legislature did not so provide.

*R. D. F.*, 266 Ga. at 296 (citation and punctuation omitted).

We also noted that former OCGA § 15-11-21, a related statute analogous to current OCGA § 15-11-521 (b), similarly lacked an explicit direction to dismiss with prejudice.[4] Thus, the Court concluded that a violation of former OCGA § 15-11-26 (a), as well as former OCGA § 15-11-21, required dismissal but *without* prejudice. See *R. D. F.*, 266 Ga. at 296 (overruling Court of Appeals cases holding that dismissal with prejudice was the baseline remedy for violating deadlines in the Juvenile Code). See also *Sanchez v. Walker County Dept. of Family and Children Svcs.*, 237 Ga. 406, 410 (229 SE2d 66) (1976) (holding that the remedy for the State's failure to comply with the former Juvenile Code's requirement to hold a detention hearing within 72 hours of the child being placed in detention was dismissal without prejudice); *In the Interest of E. C.*, 291 Ga. App. 440, 441 (662 SE2d 252) (2008) (following *R. D. F.* in holding that the consequence for missing the deadline requiring a deprivation petition to be filed within five days of the detention hearing under former OCGA § 15-11-41 (e) was dismissal without prejudice); *In the Interest of K. C.*, 290 Ga. App. 416, 417 (659 SE2d 821) (2008) ("The juvenile court procedures do not implicate the merits of a delinquency petition, and

---

[4] Former OCGA § 15-11-21 said: "If a child is . . . released [from detention] and the case is to be prosecuted further other than by informal adjustment, a petition . . . shall be made and presented to the court within 30 days."

their violation does not demand an acquittal. On the contrary, noncompliance authorizes dismissal of the petition without prejudice." (citing *R. D. F.*)). Cf. *State v. Fiorenzo*, 325 Ga. App. 666, 667 (754 SE2d 634) (2014) (holding in the criminal context that before jeopardy attaches, the remedy for failure to prosecute a case is dismissal without prejudice).[5]

The holding in *R. D. F.* and similar cases reflects an understanding that dismissal of a delinquency or criminal case with prejudice due to a statutory violation is a severe sanction, as it precludes the State from even trying the alleged offender for conduct that may be a serious violation of the criminal law, and such an extreme result will not be presumed in the absence of clear legislative direction. This reluctance to judicially infer an extreme sanction from statutory silence can be seen elsewhere in our jurisprudence. For example, in criminal cases dealing with the "extreme sanction" of suppressing evidence — which is less extreme than dismissing the entire case with prejudice — we have explained that an exclusionary rule is " 'an appropriate sanction for a statutory violation only where the statute specifically provides for suppression as a remedy or the statutory violation implicates underlying constitutional rights such as the right to be free from unreasonable search and seizure.' " *Zilke v. State*, 299 Ga. 232, 236 (787 SE2d 745) (2016) (citation omitted).

4. M. D. H. and D. V. H. argue that the juvenile statutes discussed in *R. D. F.* are different from OCGA § 15-11-521 in two respects that make the reasoning of that case inapplicable. First, subsection (a) of OCGA § 15-11-521 provides explicitly for dismissal without prejudice as the consequence for missing that subsection's deadline, but subsection (b) does not. Because of that distinction within the same Code section, which did not exist in former OCGA § 15-11-26 or OCGA § 15-11-21, M. D. H. and D. V. H. argue that we should presume that the consequence for missing the deadline in (b) is different from the consequence expressed in (a). Second, unlike the statutes considered in *R. D. F.*, OCGA § 15-11-521 (b) establishes a specific procedure for the State to seek an extension if it needs more than 30 days to file a petition. M. D. H. and D. V. H. argue that the General Assembly must have intended that extension procedure to be the only way the State could bring a petition on the facts of a complaint after the 30-day window closed.

---

[5] It is undisputed that jeopardy had not attached at the time of the dismissals of these cases in the juvenile courts. See OCGA § 15-11-480 (explaining that jeopardy attaches in a juvenile delinquency proceeding when the first witness is sworn or the child enters an admission and the court accepts it).

If we were interpreting OCGA § 15-11-521 without precedents like *R. D. F.* in the background, it might be harder to determine how best to read subsection (a) and the extension provision in subsection (b) in harmony with the time limit in subsection (b). But we construe the statute with our most analogous statutory construction precedents in mind, and equally important, we presume that the General Assembly enacted the statute with reference to our decision in *R. D. F.*

> [W]hen we are interpreting a statute, we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it. We construe statutes "in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence," and "their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts."

*Chase v. State*, 285 Ga. 693, 695-696 (681 SE2d 116) (2009) (citations omitted).

*R. D. F.* was well-established law at the time the General Assembly drafted and passed OCGA § 15-11-521 in 2013. Thus, as the Court of Appeals in *M. D. H.* correctly explained, *R. D. F.* put the legislature "on notice as it drafted its new Juvenile Code that dismissals *with prejudice* would only be enforced to the extent expressly provided for by statute, but that otherwise such a drastic remedy would not be engrafted by the appellate courts." *M. D. H.*, 334 Ga. App. at 398 (emphasis in original). Indeed, the General Assembly demonstrated elsewhere in the new Juvenile Code that it knew how to expressly provide for dismissal with prejudice when that was the desired result. See OCGA § 15-11-660 (d) (providing for dismissal of a petition with prejudice in certain cases where the child is found to be incompetent). Neither the omission of remedial language that is present in OCGA § 15-11-521 (a) nor the inclusion of a specific deadline-extension process qualify as the express directive to acquit contemplated in *R. D. F.*

Nevertheless, M. D. H. and D. V. H. contend that we must read the extension provision in OCGA § 15-11-521 (b) as requiring dismissal with prejudice if the State lets the 30-day petition deadline pass without using it, because to do otherwise would render the extension provision meaningless. See *State v. Johnson*, 292 Ga. 409, 412 (738 SE2d 86) (2013) (" '[W]e normally avoid construing statutes to leave parts of them meaningless.' " (citation omitted)). M. D. H. and D. V. H. assert that if the State could simply file a new complaint if it

missed the deadline for filing a petition, the State would never use the extension procedure included in the statute.[6]

This assertion ignores the different consequences that follow from filing a new complaint, and thus beginning a new case, rather than filing a petition in an already existing case. If the State cannot meet the 30-day petition deadline but wants to save its first complaint and first case, it must seek an extension. If an extension is not obtained, the case will be dismissed and the only way the State can still proceed against the child based on the facts of the dismissed complaint is by restarting the process through the filing of a new complaint or petition under a new case number. See OCGA § 15-11-16 (a) (3) ("A proceeding under this [Juvenile Code] may be commenced . . . by the filing of a complaint or a petition.").

Even assuming that filing a new complaint is less burdensome than requesting an extension (and we doubt that it always is), the State can face negative ramifications if it misses the statutory deadline without obtaining an extension and must initiate a new case. To begin with, the State risks being barred from filing a new complaint due to the statute of limitation. See OCGA §§ 15-11-4 (explaining that Title 17 criminal procedures, which include statutes of limitation, apply to delinquency proceedings unless otherwise provided), 15-11-472 (c) (1) ("Any petition alleging delinquency shall be filed within 30 days of the filing of the complaint or within 30 days after such child is released from preadjudication custody. If a complaint was not filed, the complaint shall be filed within the statute of limitations as provided by Chapter 3 of Title 17[.]"). At oral argument, counsel for D. V. H. suggested that statutes of limitation are not really relevant in the context of Juvenile Code complaints and petitions. But the General Assembly made express reference to the relevance of statutes of limitation in OCGA § 15-11-521, saying in subsection (a) that if the 72-hour time limit for filing a petition against a detained child is not met and the complaint is accordingly dismissed without prejudice, a

---

[6] M. D. H. and D. V. H. also assert that even after the 30-day deadline passes, the State can seek and obtain an extension of the deadline from the juvenile court. Three Court of Appeals judges recently endorsed this view in a special concurrence to a whole-court opinion certifying to this Court essentially the same question we decide today. See *In the Interest of J. F.*, 338 Ga. App. 15, 20-22 (789 SE2d 274) (2016) (Ray, J., concurring specially, joined by Presiding Judges Barnes and Ellington). We need not decide whether untimely requests for extensions may be granted in order to resolve the case before us, although we note that there appears to be nothing in the language of OCGA § 15-11-521 (b) or in the Criminal Procedure Code or Juvenile Code permitting such a practice. Compare OCGA § 9-11-6 (b) (Civil Practice Act provision allowing the trial court to grant a deadline extension upon a motion made after the expiration of the specified period if the failure to comply was the result of excusable neglect). We will address *J. F.* in due course.

petition may be refiled as provided in subsection (b) but only "within the statute of limitation[ ]."

Furthermore, if the State needs considerably more time to evaluate or prepare a petition against a juvenile, perhaps because it is still investigating or is seeking a negotiated or alternative resolution of the case, seeking an extension of the petition-filing deadline could, in many cases, better serve the State's interests. As the parties acknowledged at oral argument, nothing in the statute limits the length of an extension granted under OCGA § 15-11-521 (b), whereas as soon as the State files a new complaint, it will be back on the 30-day clock. Compare OCGA § 17-7-50.1 (a) (limiting the extension of time that a superior court may grant to present a criminal charge against a detained juvenile to the grand jury to "one extension . . . not to exceed 90 additional days").[7] For these reasons, following the statutory construction precedent that *R. D. F.* had clearly established by the time of OCGA § 15-11-521's enactment does not render the statute's extension provision meaningless.

5. Relying on the Court of Appeals opinion in his case, D. V. H. raises two additional arguments not made by M. D. H. Neither argument is persuasive.

(a) D. V. H. first argues that the panel in his case was correct in concluding that a new complaint based on the same facts as a dismissed complaint is not a "complaint" under OCGA § 15-11-521. See *D. V. H.*, 335 Ga. App. at 300. But nothing in the Juvenile Code's definition of "complaint" requires that there be only one complaint for a given set of facts. OCGA § 15-11-2 (14) defines complaint as "the initial document setting out the circumstances that resulted in a child being brought before the court." Once a complaint is dismissed under OCGA § 15-11-521 (b), there is no case pending against the child. To bring a case, the State must again file a complaint, and that complaint is then the "initial" document beginning the new proceedings against the child. See OCGA § 15-11-16 (a) (3). What would preclude a second complaint with the same allegations is not the definition of "complaint" but rather a dismissal with prejudice of the first complaint, which we have explained is not the remedy for missing the deadline in OCGA § 15-11-521 (b).

(b) D. V. H. also argues that the Court of Appeals correctly relied on *In the Interest of C. B.*, 313 Ga. App. 778 (723 SE2d 21) (2012), in concluding that a dismissal with prejudice was required in his case.

---

[7] The extension of time that the juvenile court grants under OCGA § 15-11-521 (b) may be reviewable for abuse of discretion and is limited by the juvenile's constitutional right to a speedy trial. See *R. D. F.*, 266 Ga. at 296 n. 2.

The court invoked *C. B.* in this way:

> In considering other time limitations within the Juvenile Code, we have recognized that "the legislature intended to set time limitations for the [s]tate to act" and we have refused to construe the Code in a manner that would "eviscerate[ ]" those time limitations. *In the Interest of C. B.*, 313 Ga. App. [at 781].

*D. V. H.*, 335 Ga. App. at 300-301.

Although the Court of Appeals indicated that it was considering precedent involving "time limitations within the Juvenile Code," it overlooked this Court's decision in *R. D. F.* and Court of Appeals' decisions following *R. D. F.*, like *E. C.* and *K. C.* — precedents dealing specifically with time limitations in the Juvenile Code. Even after *R. D. F.* was brought to the panel's attention on motion for reconsideration as the primary basis for the *M. D. H.* panel's contrary decision, the *D. V. H.* panel persisted in ignoring our directly applicable and binding precedent. Instead, the *D. V. H.* panel cited only *C. B.* — a case that addresses not a time limitation within the Juvenile Code but rather OCGA § 17-7-50.1, a statute in the Criminal Procedure Code that deals with superior court jurisdiction over juveniles.

In any event, OCGA § 17-7-50.1 is textually different from OCGA § 15-11-521 in a pertinent way. OCGA § 17-7-50.1 (a) requires that a child who is charged with a crime that is within the jurisdiction of the superior court and is detained "shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury." Subsection (b) then says: "If the grand jury does not return a true bill against the detained child within the time limitations set forth in subsection (a) . . . , the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in [the Juvenile Code]." The Court of Appeals in *C. B.* held that once a child's case was transferred to the juvenile court under subsection (b), the State could not get the case transferred back to the superior court, concluding, for a number of reasons, that "the legislature intended to set time limitations for the State to act in those situations in which the juvenile is detained and the superior court is exercising jurisdiction over the matter . . . , and those time limitations would be eviscerated" if the juvenile court could simply transfer the case back. *C. B.*, 313 Ga. App. at 781.

Whether or not *C. B.*'s conclusion is correct — a question we need not decide today — the statute at issue there provides an express consequence for the State's failure to meet its 180-day deadline: the case is transferred to the juvenile court to proceed under the Juvenile

Code. See OCGA § 17-7-50.1 (b). By contrast, OCGA § 15-11-521 (b) says nothing about the consequence of the State's failure to meet its 30-day petition-filing deadline. And, as explained above, when a Juvenile Code statute is silent in this way, Georgia appellate precedent holds that the consequence is dismissal without prejudice.

*Conclusion*

6. Timely proceedings are of undoubted importance in juvenile cases. See *R. D. F.*, 266 Ga. at 295 (explaining that the goal of former OCGA § 15-11-26 (a) was to provide for "prompt resolution of charges brought against a delinquent or unruly child and expeditious handling of matters involving a deprived child"). And there are consequences when the State fails to meet the deadlines prescribed in the Juvenile Code. The general concern for timely dispatch of juvenile cases does not, however, mean that we should assume that whenever the General Assembly sets a time limit in the Juvenile Code, it intends, by not specifying a consequence for missing the time limit, to impose the most severe remedy possible — one that would preclude the delinquent act alleged from being addressed and the juvenile and criminal law from being enforced. Implying such an extreme remedy for what happens in the 30-day complaint-to-petition period established by OCGA § 15-11-521 (b) would be especially odd, given that the Juvenile Code appears to place no time limit on the initial filing of the complaint (except the statute of limitation) or on an extension of the deadline for filing a petition (except the constitutional right to a speedy trial).

If the General Assembly wishes to impose a harsher consequence than dismissal without prejudice for the State's failure to comply with OCGA § 15-11-521 (b), it can do so by expressly providing for that remedy, as we explained 20 years ago in *R. D. F.* Until that happens, if the State fails to file a delinquency petition within 30 days of the complaint and does not seek and receive an extension of the deadline, the case must be dismissed without prejudice.

*Judgment affirmed in Case No. S16G0428. Judgment reversed in Case No. S16G0546. Thompson, C. J., Hines, P. J., Benham, Blackwell, JJ., and Judge Philip C. Smith concur. Hunstein, J., concurs in judgment only. Melton, J., not participating.*

DECIDED OCTOBER 31, 2016.

*Carver & DeBord, Cory P. DeBord*, for M. D. H.
*Bethany A. Begnaud*, for D. V. H.

*Shannon G. Wallace, District Attorney, Cliff Head, Wallace W. Rogers, Jr., Assistant District Attorneys*, for the State (case no. S16G0428).

*Stephen A. Bradley, District Attorney, Joseph M. McKinnon, Assistant District Attorney*, for the State (case no. S16G0546).