ANDREWS, Presiding Judge,
dissenting.
There may be some arguable practicality about certifying the question raised in this appeal to the Supreme Court because of the two similar cases currently pending there, but I do not believe this is an appropriate case to certify. “If an answer by the Supreme Court of a question certified to it by the Court of Appeals would constitute a decision of the main case, the question cannot, under the Constitution, be answered.” (Citations omitted.) Kelly v. Ga. Cas. & Surety Co., *23 216 Ga. 834, 835 (120 SE2d 329) (1961). As the answer to the question certified to the Supreme Court by the majority would clearly decide the appeal, I believe this Court should decide the appeal.
OCGA § 15-11-521 (b) provides:
If a child is not in detention prior to adjudication, a petition alleging delinquency shall be filed within 30 days of the filing of the complaint alleging violation of a criminal law or within 30 days of such child’s release pursuant to a determination that detention is not warranted. Upon a showing of good cause and notice to all parties, the court may grant an extension of time for filing a petition alleging delinquency The court shall issue a written order reciting the facts justifying any extension.
The procedural posture of this case is similar to two recent appeals decided by this Court: In the Interest of M. D. H., 334 Ga. App. 394 (779 SE2d 433) (2015), and In the Interest of D. V. H., 335 Ga. App. 299 (779 SE2d 122) (2015), both involving the construction of OCGA § 15-11-521 (b). In M. D. H., where the juvenile court dismissed an untimely delinquency petition without prejudice, so that the state could file another petition and obtain an adjudication of delinquency, this Court affirmed the dismissal as one without prejudice.
In D. V. H., the juvenile court denied the state’s request for an extension and dismissed an untimely delinquency petition; after that dismissal, the state filed a new complaint restating the original charges and then filed a delinquency petition within 30 days of the new complaint; and the juvenile court dismissed that delinquency petition, finding that filing a new complaint did not reset the time limits for filing a delinquency petition. This Court affirmed that dismissal, and although neither the juvenile court nor this Court indicated the dismissal was with prejudice, that is exactly what it was.
On motion for reconsideration in D. V. H., this Court distinguished M. D. H. because that case had not involved an untimely petition following the juvenile court’s rejection of the state’s request for an extension. While noting
some tension between the analysis in this case and in In the Interest of M. D. H., given the distinctions between the holdings of those two decisions, we [did] not view In the Interest of M. D. H. to compel a juvenile court to accept a late petition when the court has determined that an extension for filing the petition was unjustified.
*24 D. V H., supra at 301 (on motion for reconsideration). The Supreme Court subsequently granted certiorari in both cases but has not yet decided the cases.
The instant case presents this Court with the opportunity to further confuse the construction and application of OCGA § 15-11-521 (b), a confusion this Court inadvertently created, or to end the confusion and construe the statute in a way so that both the state and the juvenile definitely know what their obligations and rights are. Counsel for J. F. suggests the following analysis and construction of OCGA § 15-11-521 (a) and (b):
1. OCGA § 15-11-521 (a), which governs when a child is detained prior to adjudication, requires the state to file a delinquency petition within 72 hours after the detention hearing. If no petition is filed within that 72-hour deadline, the child must be released and the complaint dismissed without prejudice. The dismissal is without prejudice, thus allowing the state to re-file the petition, because the legislature recognized the state might miss such a short deadline despite its effort to comply.
2. OCGA § 15-11-521 (b), which governs when a child is not detained, requires the state to file a delinquency petition within 30 days of the complaint or the child’s release from detention. Thirty days should be sufficient time for the state to file a petition in most cases. But the legislature recognized there may be rare instances where the state has good cause for not filing within the 30-day deadline, and authorized the juvenile court to grant an extension of time in such a case.
If the state realizes it will be unable to file a delinquency petition within 30 days as required by OCGA § 15-11-521 (b), it should show good cause for the untimeliness and seek an extension of time from the juvenile court. If the state has the unfettered ability to file or refile a complaint and/or petition in disregard of the statutory extension provision, as was done in the instant case and in M. D. H., it renders both the statutory extension provision and the 30-day deadline meaningless and thwarts the legislative intent. For that reason, a dismissal of an untimely filing under OCGA § 15-11-521 (b) should be with prejudice in order to carry out the legislative intent manifested by the mandatory language of that statute.
The above suggested analysis is practical and eliminates all the confusion created by the tension between the analyses in D. V. H. and M. D. H., and I would endorse it. “There must be scrupulous adherence to due process requirements in juvenile court proceedings.” (Citation and punctuation omitted.) In re B. A. P., 180 Ga. App. 433, 434 (349 SE2d 218) (1986). Consistent with that principle, I believe we should hold that a dismissal of an untimely filing under OCGA § *25 15-11-521 (b) must be with prejudice. To the extent M. D. H. is inconsistent with that proposition, I would overrule it.
Decided July 12, 2016.
G. Richard Stepp, for appellant.
Daniel J. Porter, District Attorney, Nhan-Ai D. Simms, Pareesa H. Arnjadi, Assistant District Attorneys, for appellee.
I am authorized to state that Chief Judge Doyle, Presiding Judge Phipps, and Judge McMillian join in this dissent.